797 P.2d 722

**STATE of Arizona, Appellee,**

v.

**Thomas Martin CONROY, Appellant.**

**No. 1·CA–CR 89–274.**

Court of Appeals of Arizona, Division 1, Department C.

May 22, 1990.

Review Granted Oct. 9, 1990.

Robert K. Corbin, Atty. Gen. by Randall M. Howe, Asst. Atty. Gen., Crim. Div., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

OPINION

GERBER, Judge.

This case presents the issue of whether misinforming a defendant of the length of

prison time that must be served before he is eligible for early release invalidates his waiver of a jury trial. We find that it does and, accordingly, we reverse.

Thomas Martin Conroy appeals from two convictions for child molesting, class 2 felonies in violation of A.R.S. §§ 13–1410, –3821, –701, –702, and from the sentences imposed. Counsel for defendant filed a brief complying with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), and requested this court to search the record for fundamental error pursuant to A.R.S. § 13–4035. Defense counsel failed to identify any appealable issue. This court performed a review of the record and discovered this issue pursuant to its obligation to check for fundamental error. Both parties were given an opportunity to brief this issue.

■ Ordinarily a criminal defendant is required to seek relief from his sentence or plea agreement through a motion for post conviction relief. 17 A.R.S. Rules of Crim. Proc., Rule 32.1; *State v. Crowder*, 155 Ariz. 477, 478, 747 P.2d 1176, 1177 (1987). Where an alleged error is not challenged in the trial court, the proper procedure is for the defendant initially to challenge the error through a Rule 32 hearing. *State v. Anderson*, 160 Ariz. 412, 415, 773 P.2d 971, 974 (1989). Here, however, the error was brought to the attention of the trial court, a record was made of the challenge, and the trial court had the opportunity to rule on it. Under these circumstances, the record is reviewable and a direct appeal is proper. *Anderson, id.*

## FACTS

Defendant was charged by indictment with six counts of child molestation. He was arrested August 11, 1988 and pled not guilty at his arraignment.

Defendant's bench trial on two counts of child molestation began November 29,

1988.[1] Prior to its start, defendant entered a written waiver of his right to a jury. Before accepting defendant's waiver, the court explained to him the jury process, the right to a jury trial, the range of possible punishment if convicted, that the sentences could run concurrently or consecutively, and that he could be fined up to $150,000 with a 37 percent surcharge. Defendant affirmatively stated that there were no threats of force, intimidation, or promises made to entice him to waive his right to a jury. The court then incorrectly told him that if he were found guilty, he would be required to serve *half* his prison term before becoming eligible for parole. Defendant acknowledged this possibility. The court then made a finding that defendant had knowingly, intelligently and voluntarily waived his right to a jury trial. Following the jury waiver, the bench trial began. The next day, the trial court realized that it had misinformed defendant about the applicable punishment governing his case. The statute that limits eligibility for early release until half the sentence is served, A.R.S. § 13–604.01 (1985), was not in effect when defendant was charged. The statute in effect at that time, former A.R.S. § 13–1410 (1978, amended 1985), mandated serving at least *two-thirds* the imposed sentence before becoming eligible for early release. The trial court discovered this error, addressed defendant anew, and correctly restated the sentencing provisions. At this point, defendant asked for a mistrial and moved to withdraw his waiver of the day before, claiming that it was not knowingly, intelligently and voluntarily made because he had been misinformed about the minimum prison time he would need to serve.[2] The trial court denied defendant's motion to withdraw and also his motion for mistrial.

Later that day, at the conclusion of the bench trial, the court found defendant

---

1. The other four counts were subsequently dismissed with prejudice.

2. Defendant also believed the trial court failed to inform him that he would not be eligible for

probation. The record reveals, however, that the trial court did timely inform defendant that he would not be eligible for probation if found guilty.

guilty of both counts of child molestation.[3] On February 16, 1989, the trial court sentenced him to two aggravated, consecutive terms of 14 years, citing a prior conviction and the nature of the present offenses as circumstances justifying aggravation.

## THE LAW

■ Arizona requires that before a defendant is allowed to waive the right to a jury trial, a trial court must address him personally, advise him of his right to a jury and then determine whether the waiver is knowing, voluntary and intelligent. Rule 18.1(b), Arizona Rules of Criminal Procedure. This statute embodies the protections found in article 6, § 17 of the Arizona Constitution. The absence of a knowing, voluntary and intelligent waiver creates an error of constitutional dimensions. *State v. Mankel*, 27 Ariz.App. 436, 555 P.2d 1124 (1976).

■ Courts in Arizona have articulated the requirements for a knowing, voluntary and intelligent waiver. This standard, first established in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), has been applied to guilty pleas. When a defendant pleads guilty he waives his right to a trial and his right to have a jury decide guilt or innocence. Arizona extended the *Boykin* standard to jury waivers that have the same effect as pleading guilty. *State v. Crowley*, 111 Ariz. 308, 311, 528 P.2d 834, 837 (1974), *rev'd State v. Avila*, 127 Ariz. 21, 617 P.2d 1137 (1980). *Avila* extended the knowing, voluntary and intelligent standard to all cases when a defendant waives his right to a jury trial, not only to those "tantamount to pleading guilty." *Avila, id.* at 24–25, 617 P.2d at 1140–41.

In this state, a waiving defendant has a right to know the range of his potential sentence and any special conditions regarding sentencing. A trial court must correctly state these factors before accepting the waiver. *Id.* Correct information about the range and conditions of sentence affects the ability to make an intelligent waiver. *State v. LaGrand*, 152 Ariz. 483, 733 P.2d 1066 (1987). Incorrect information may vitiate this ability.

Defendants have been permitted to withdraw their pleas or waivers because they were given incorrect information or were ignorant of their sentence exposure. *State v. Cutler*, 121 Ariz. 328, 590 P.2d 444 (1979) (trial court erred when accepting defendant's plea by failing to advise defendant that he could be confined in jail for one year as part of probation); *State v. Harris*, 133 Ariz. 30, 648 P.2d 145 (App.1982) (defendant should be afforded opportunity to withdraw guilty plea when it appears defendant changed his plea based on mistaken belief he would receive lesser sentence than that which he received). Permission to withdraw should have been granted here. This defendant argued that the amount of time he would have to serve before becoming eligible for parole would affect his decision to exercise his right to a jury trial. This is a plausible argument. The difference in his minimum sentence exposure under the two statutes is, at its greatest, four years. Any material misinformation given a waiving defendant about his sentence affects his ability to make an intelligent waiver. The waiver here cannot be considered intelligent when it was based on inaccurate sentencing predictions, particularly when this defendant formally sought to withdraw the waiver when he was belatedly told of his exposure to the correct, longer prison term.

The state argues that defendant's waiver was knowing and intelligent in spite of the misinformation because the court was not

---

**3.** The fact that both the indictment and sentencing documents reflect that defendant was charged and sentenced under A.R.S. § 13–604.01 is also error. The state charged defendant with crimes committed on or about July 2, 1984. However, A.R.S. § 13–604.01 did not become effective until 1985. The trial court specifically noted in the record that the dangerous crimes against children statute (A.R.S.

§ 13–604.01) did not apply. Furthermore, the sentences imposed correspond to A.R.S. § 13–1410 (1978), not to the sentencing guidelines in A.R.S. § 13–604.01. Defendant was not convicted and sentenced under A.R.S. § 13–604.01. Though alleging that statute on the indictment and the sentencing documents was an error, it did not prejudice the defendant in any way.

required to inform defendant of the range and conditions of his sentence. *Avila* contradicts this assertion:

> For purposes of clarity, we list as follows those rights which are waived by submission of the case to the court or of which defendant must be informed:
>
> 1. The right to a trial by jury where he may have representation of counsel;
>
> .    .    .    .    .
>
> 6. The right to know the range of sentence and *special conditions of sentencing.*
>
> In addition, as in any proceeding involving the surrender of Constitutional rights, it must appear from the record that the waiver was knowingly, intelligently and voluntarily made. Such condition of mind ... will not be presumed from a silent record.

*Avila, supra,* 127 Ariz. at 24–25, 617 P.2d at 1140–41. (Emphasis added). As previously stated, this standard applies to all jury waivers, not merely those that are tantamount to pleading guilty. *Id.*

### RELIEF

Because of the incorrect information about eligibility for early release, the waiver in this case cannot be considered intelligent. We therefore reverse defendant's conviction and sentence, vacate the waiver, and remand this matter for new proceedings in the trial court.

FIDEL, P.J., and EUBANK, J., concur.