814 P.2d 330

**STATE of Arizona, Appellee,**

v.

**Thomas Martin CONROY, Appellant.**

**No. CR–90–0189–PR.**

Supreme Court of Arizona,
En Banc.

July 11, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Asst. Attys. Gen., Phoenix, for State of Ariz.

John C. Williams, Prescott, for Thomas Martin Conroy.

## OPINION

FELDMAN, Vice Chief Justice.

The State of Arizona petitions us to review a court of appeals opinion holding that the trial court's failure to correctly inform a defendant about his parole eligibility date invalidated his waiver of a jury trial. We granted review, see Rule 31.19, Ariz.R. Crim.P., 17 A.R.S., in exercise of our jurisdiction under article 6, § 5(3) of the Arizona Constitution and A.R.S. § 12–120.24.

## FACTS

The Maricopa County Grand Jury indicted Thomas Martin Conroy (defendant) on August 2, 1984 on six felony counts of child molestation. *See* A.R.S. §§ 13–1410, 13–3821. After defendant was apprehended on August 10, 1988, four of the counts were dismissed and trial on the remaining two counts began on November 29, 1988. Prior to opening statements, defendant waived his right to trial by jury. The trial court questioned defendant about his waiver and ascertained that he knew what a jury trial was, knew he had a right to have a jury determine his guilt or innocence, and agreed to relinquish that right and have the matter determined by the trial court. The court correctly explained the range of possible sentences and informed defendant that, if convicted, he would be ineligible for probation and eligible for parole only after serving one-half of his prison term on each count. After learning from defendant that no threats or promises were made to induce him to waive his right, the court found that he knowingly, intelligently, and voluntarily waived his right to a jury trial.

After the two victims and the investigating officers testified and were cross-examined, the trial court learned it had given defendant incorrect parole eligibility information because defendant would have to serve two-thirds, not one-half, of his sentence before he would be eligible for parole. The court then advised defendant of the correct parole eligibility date. Defendant claimed he would not have waived a jury trial if he had been correctly informed and moved to withdraw his waiver. After hearing argument, the court denied defendant's motion and subsequently found defendant guilty on both counts. The court imposed consecutive sentences of fourteen years on each count.

■ The court of appeals reversed defendant's conviction on the grounds that misinforming a defendant of the length of prison time that must be served before early release invalidates his waiver of a jury trial. *State v. Conroy*, 165 Ariz. 183, 797 P.2d 722 (Ct.App.1990). Under its analysis of our prior opinions, the court of appeals concluded that the information that must be provided to a defendant before accepting a guilty plea—what has come to be known as the *Boykin* litany [1]—must be provided in all cases in which a defendant waives a jury trial. *Id.* at 186, 797 P.2d at 725. The litany includes the right to know the range of sentence and special conditions of sentencing, which the court found were not provided to this defendant and thereby invalidated his waiver. *Id.* The state petitioned for review, claiming that the misinformation inadvertently provided by the trial court did not invalidate the waiver. We granted review to determine whether a defendant must be correctly advised of his earliest parole eligibility date to make a knowing and intelligent waiver of his right to a jury trial.

## DISCUSSION

The state contends that defendant's waiver was knowing and intelligent despite the misinformation concerning parole eligibility. It argues that although sentencing information is required under Rule 17.2, Ariz.R.Crim.P., 17 A.R.S. (hereafter Rule ___), to secure a valid guilty plea, such information is not required to secure a valid waiver of a jury trial under Rule 18.1.[2]

In *State v. Crowley*, we stated that the requirements of Rule 17.2, including information concerning the range of sentence and special conditions of sentencing, applied not only to guilty pleas but also to cases in which a defendant's waiver of a jury trial and submission of the question of guilt or innocence to the trial court on the record "has the same effect as a plea of

---

1. In *Boykin v. Alabama,* the United States Supreme Court held that the record in a criminal trial must show that a guilty plea was knowingly, intelligently, and voluntarily made. 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). The *Boykin* litany refers to the information that must be provided to satisfy this requirement. *See State v. Avila,* 127 Ariz. 21, 24–25, 617 P.2d 1137, 1140–41 (1980); *State v. Crowley,* 111 Ariz. 308, 311, 528 P.2d 834, 837 (1974); Rule 17.2 Ariz.R.Crim.P., 17 A.R.S.

2. Rule 17.2 provides that
   [b]efore accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him of and determining that he understands the following:
   a. The nature of the charge to which the plea is offered;
   b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation imposed by statute;

c. The constitutional rights which he foregoes by pleading guilty or no contest, including his right to counsel if he is not represented by counsel; and
   d. His right to plead not guilty.
while Rule 18.1(b) provides merely that
   [t]he defendant may waive his right to trial by jury with consent of the prosecution and the court.
   (1) *Voluntariness.* Before accepting a waiver the court shall address the defendant personally, advise him of his right to a jury trial and ascertain that the waiver is knowing, voluntary, and intelligent.
   (2) *Form of Waiver.* A waiver of jury trial under this rule shall be made in writing in open court on the record.
   (3) *Withdrawal of Waiver.* With the permission of the court, the defendant may withdraw his waiver of jury trial but no withdrawal shall be permitted after the court begins taking evidence.

guilty." 111 Ariz. 308, 310, 528 P.2d 834, 836 (1974), *overruled, State v. Avila,* 127 Ariz. 21, 617 P.2d 1137 (1980). In *Avila,* we acknowledged the practical difficulty of distinguishing between submissions that are tantamount to a guilty plea and those that are not and abandoned the distinction, stating that the "entire litany of *Boykin* rights" must be provided in all submitted cases. 127 Ariz. at 22, 23, 617 P.2d at 1138, 1139. The state contends that *Avila* does not extend the *Boykin* litany to all cases in which a defendant waives a jury trial, only those involving submissions on a stipulated record. We agree.

The court of appeals stated:

When a defendant pleads guilty he waives his right to a trial and his right to have a jury decide guilt or innocence. Arizona extended the *Boykin* standard to jury waivers that have the same effect of pleading guilty. *State v. Crowley,* 111 Ariz. 308, 311, 528 P.2d 834, 837 (1974), *rev'd, State v. Avila,* 127 Ariz. 21, 617 P.2d 1137 (1980). *Avila* extended the knowing, voluntary and intelligent standard to all cases when a defendant waives his right to a jury trial, not only to those "tantamount to pleading guilty." *Avila, id.* at 24–25, 617 P.2d at 1140–41.

*Conroy,* 165 Ariz. at 185, 797 P.2d at 724. The court concluded that information regarding the range and conditions of sentence must be provided to meet the standard. *Id.* at 186, 797 P.2d at 725.

▪ We have no quarrel with the court of appeals' assertion that the knowing, voluntary, and intelligent waiver standard articulated in *Boykin* applies to all waivers of a jury trial, for that standard applies to the waiver of *any* constitutional right.[3] We disagree, however, with the court's determination of how that standard must be satisfied. Whether the standard has been satisfied depends on the particular constitutional right being waived, and we do not believe that compliance with the entire *Boykin* litany is required when a defendant is waiving only his right to have his guilt or innocence determined by a jury rather than a judge.

In fact, in *State v. Butrick,* we recognized the distinction between "just a waiver of a jury," on one hand, and "the waiver of a jury and submission of the entire question of guilt or innocence to the court based only on the preliminary hearing transcript," on the other. 113 Ariz. 563, 566, 558 P.2d 908, 911 (1976). We rejected the view that the entire *Boykin* litany applied to all situations in which a defendant waived his right to a jury trial, stating that "[w]hether there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case." *Id.* We believe *Butrick* survives *Avila* intact. Defendants waiving only the right to a jury trial need not be afforded the exact procedural protections provided to those whom we treat under *Avila* as if they were pleading guilty because they submit their cases for determination by the court on a stipulated record.

The *Avila* rationale does not apply to the present case because defendant did not submit the issue of his guilt or innocence to the judge on a stipulated record. Rather, as in *Butrick,* defendant's case involved "just a waiver of a jury," and "a trial with a taking of testimony was had." *Butrick,* 113 Ariz. at 566, 558 P.2d at 911. Defense counsel in this case vigorously cross-examined the victims and investigating officers, and attacked the credibility of each witness. Defendant also challenged the admissibility of certain of his statements in a separate evidentiary hearing and then moved for a judgment of acquittal at the close of the state's case. After closing arguments from both parties, the trial court found defendant guilty of both counts of child molestation. Minute Entries, Nov. 29, Nov. 30, 1988. We must determine, then, whether the waiver of a jury trial was effective under these particular circumstances.

---

3. *See, e.g., Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (waiver of fifth amendment right against compelled self-incrimination); *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (waiver of sixth amendment right to counsel).

■ What is required for a waiver is that it be made knowingly—that is, the abandonment of a *known* right or privilege—and that it be intentional. *State v. LaGrand*, 152 Ariz. 483, 487, 733 P.2d 1066, 1070 (1987) (citing *Montano v. Superior Court*, 149 Ariz. 385, 392, 719 P.2d 271, 278 (1986)); Rule 18.1(b). We have previously held that information concerning sentence enhancement is not necessary to secure a valid waiver of the right to a jury trial. *LaGrand*, 152 Ariz. at 489, 733 P.2d at 1072; *State v. Hooper*, 145 Ariz. 538, 549, 703 P.2d 482, 493 (1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834 (1986). Our view comports with that of the clear majority of courts considering the issue.[4] The pivotal consideration in determining the validity of a jury trial waiver is the requirement that the defendant understand that the facts of the case will be determined by a judge and not a jury. *United States v. Rodriguez*, 888 F.2d 519, 527–28 (7th Cir.1989); *United States ex rel. Williams v. DeRobertis*, 715 F.2d 1174, 1180 (7th Cir.1983), *cert. denied*, 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984); *Commonwealth v. Schofield*, 463 N.E.2d 1181, 1182 n. 1, 1184 (Mass.1984). The record in this case shows clearly that the court carefully explained to defendant that he had a right to a jury trial, that by waiving the right he was abandoning the privilege of allowing a jury to determine the facts of his case and agreeing to let the trial court determine the facts and determine his guilt or innocence. We believe this is all that is required to accomplish the intentional waiver of a known right.

In our view, the *LaGrand* rule applies to the present case; defendant's knowledge regarding parole eligibility date "has no bearing on the narrow issue of trial by judge or jury since the waiver [of jury trial] has no effect on" parole date. *LaGrand*, 152 Ariz. at 489, 733 P.2d at 1072. If convicted, whether by court or jury, defendant's parole eligibility date would be the same. Nor can we fairly say that correct information as to the parole eligibility date made the crime so serious that the date of eligibility was relevant to the decision to waive a jury. The crimes with which defendant was charged were extremely serious, called for mandatory prison sentences of at least five and one-fourth years, permitted the imposition of consecutive sentences, and seriously restricted parole eligibility—a factor of which defendant was well aware, even though he was misinformed as to the exact date of eligibility. Under these facts, the question of the parole eligibility date is hardly relevant to the decision to waive a jury.

Therefore, we find that defendant's waiver of a jury was knowing, voluntary, and intelligent, and the trial judge fulfilled his obligation under Rule 18.1(b). *See Butrick*, 113 Ariz. at 566, 558 P.2d at 911. Although we stress the need for trial courts to assure the accuracy of any information they provide to defendants contemplating waiver of a constitutional right, we conclude that the inadvertent misinformation concerning the parole eligibility date did not render defendant's waiver of a jury trial ineffective. Accordingly, we vacate the court of appeals' opinion and affirm defendant's convictions and sentences.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.

---

4. *See, e.g., Horsman v. State*, 82 Md.App. 99, 570 A.2d 354, 357 (1990) (sentencing is a consequence of a guilty plea, not a consequence of the election to waive a jury trial); *see generally* 50 C.J.S. *Juries* §§ 108, 110 (Supp.1990); 8A MOORE'S FEDERAL PRACTICE § 23.03[2] (2d ed 1991).