NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MARIE OFELIA SANCHEZ, *Appellant.*

No. 1 CA-CR 18-0903
FILED 12-24-2019

Appeal from the Superior Court in Yuma County
No. S1400CR201700724
The Honorable Brandon S. Kinsey, Judge

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Eugene Marquez
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Diane M. Johnsen joined.

---

**M O R S E**, Judge:

¶1        Marie Ofelia Sanchez ("Sanchez") appeals her convictions and sentences, arguing the superior court erred by accepting her waiver of a trial by jury and imposing a fine not supported by the evidence.  For the following reasons, we affirm in part, vacate in part, and remand.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Sanchez's convictions arise from a lawful search of her residence, during which law enforcement found marijuana, narcotics, prescription pills, and a cache of loaded and unloaded weapons.  The State charged Sanchez with two counts of possession of dangerous drugs for sale (Counts 1-2), five counts of possession of narcotics for sale (Counts 3-7), one count of possession of marijuana for sale (Count 8), thirteen counts of misconduct involving weapons (Counts 9-20, 22), and one count of possession of drug paraphernalia (Count 21).

¶3        At the final pre-trial conference, Sanchez's counsel informed the court that "after meeting with [Sanchez] extensively" and talking about the issues in the case, Sanchez "decided she is going to waive jury . . . we want to try this to the court."  The court then personally addressed Sanchez and engaged in the following colloquy:

> The Court: Ms. Sanchez, you do understand you have the right to have the trial determined by a jury and not just by me, and by waiving that right, I will be the one making the determination in this case, not a jury of your peers, do you understand that?
>
> Sanchez: Yes.
>
> The Court: You are still willing to waive that right?
>
> Sanchez: Yes, sir.

The Court: All right. So trial is confirmed. It is now a bench trial, not a jury trial.

¶4 The resulting minute entry reflected that exchange:

Defense Counsel reports that the Defendant is requesting for the Jury Trial presently set in this matter be changed to a Bench Trial and discussion is held regarding the same.

Upon examination of the Defendant, the Court finds that the Defendant has waived her right to a Jury Trial and is requesting for a Bench Trial to be set.

¶5 After a three-day bench trial, the court found Sanchez guilty of five counts of possession of narcotic drugs for sale, one count of possession of marijuana for sale, eleven counts of misconduct involving weapons, and one count of possession of drug paraphernalia, and acquitted her on both counts of possession of dangerous drugs for sale and two of the counts of misconduct involving weapons. The court subsequently sentenced Sanchez to concurrent presumptive prison terms of 5 years for the possession of narcotics and marijuana for sale convictions, 2.5 years for the misconduct involving weapons convictions, and one year for possession of drug paraphernalia. Additionally, pursuant to A.R.S. §§ 13-3405(D) and -3408(F), the court imposed a fine for the drug sale counts. Relying on the recommendation from the probation department, the court imposed a total fine of $340,800 for the convictions.

¶6 Sanchez timely appealed; we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

### I. Waiver of Jury Trial

¶7 Sanchez argues her rights under the Sixth Amendment to the United States Constitution, Article 2, §§ 23 and 24 of the Arizona Constitution and Arizona Rule of Criminal Procedure 18.1 were violated when the superior court found she had waived her right to a jury trial. A defendant has a constitutional right to a jury trial. U.S. Const. amend. VI; Ariz. Const. art. 2, §§ 23, 24; *State v. Butrick,* 113 Ariz. 563, 565 (1976). In a criminal action, the proper procedure for a defendant to waive this right is outlined in Rule 18.1(b), which provides that "[b]efore accepting a defendant's waiver of a jury trial, the court must address the defendant

personally, inform the defendant of the defendant's right to a jury trial, and determine that the defendant's waiver is knowing, voluntary, and intelligent." Ariz. R. Crim. P. 18.1(b)(2). Beyond that, a valid waiver requires the consent of both parties be expressed in open court and entered on its minutes. Ariz. R. Crim. P. 18.1(b)(1), (3); *see also* A.R.S. § 13-3983.

¶8 The failure to obtain a valid waiver of a defendant's right to a jury constitutes structural error. *State v. Becerra*, 231 Ariz. 200, 204, ¶ 12 (App. 2013). However, on appeal it is the defendant's burden to show that "such [a] waiver was not freely and intelligently made." *Adams v. United States*, 317 U.S. 269, 281 (1942).

¶9 Sanchez argues "the comprehensive warnings required by *Boykin v. Alabama*, 395 U.S. 238 (1969)," which outline the requirements for the waiver of a constitutional right, "serve as a template for the warnings a court should also give when a defendant waives the right to trial by jury." But the Arizona Supreme Court has held that "compliance with the entire *Boykin* litany is [not] required when a defendant is waiving only his right to have his guilt or innocence determined by a jury rather than a judge." *State v. Conroy*, 168 Ariz. 373, 375 (1991). Instead, a waiver is valid if the record reflects that the defendant is aware of the right and manifests an intentional relinquishment of that right. *Id.* at 376. The "pivotal consideration" in determining the validity of a jury trial waiver "is the requirement that the defendant understand that the facts of the case will be determined by a judge and not a jury." *Id.*

¶10 Sanchez contends that even under *Conroy*, the colloquy here was deficient because its substance was no more than "vestigial." We disagree. The record shows the court personally addressed Sanchez, informed her of her right to a jury trial, explained that her waiver of that right meant that the judge, and not a jury, would determine her case, confirmed she understood the implication of waiving this right, and verified that she still wanted to do so. *Supra* ¶ 3. And the substance of this colloquy was recorded in the minute entry for the hearing. *Supra* ¶ 4. Because the court met all legal requirements, we affirm Sanchez's waiver as valid.

¶11 Sanchez further contends the court erred because it failed to make a "contemporaneous finding, expressed in open court or in a minute entry," that her jury trial waiver was knowing, voluntary, and intelligent. However, Sanchez misinterprets the requirements of Rule 18.1. The rule only requires *the record* to show that the waiver is knowing, voluntary, and intelligent. There is no requirement that the trial court must use that exact

language at any point. *See State v. Prince,* 142 Ariz. 256, 258 (1984) ("[B]efore there can be a waiver, *the record* must show a knowing waiver by the defendant.") (emphasis added); *State v. Baker,* 217 Ariz. 118, 120, ¶ 9 (App. 2007) ("[W]e must *examine the record* to determine whether Baker effectively waived his constitutional right.") (emphasis added). Because the record shows that Sanchez's waiver was knowing, voluntary, and intelligent, *supra* ¶ 10, we affirm the convictions.

## II. Sentencing - Fine

**¶12**       Sanchez also maintains the court erred in imposing a fine not supported by reliable evidence. Because Sanchez did not object to the imposition or the amount of the fine at trial, we review for fundamental error. *State v. Henderson,* 210 Ariz. 561, 567, ¶¶ 19-20 (2005). A fine in excess of the statutory maximum constitutes fundamental error. *State v. McDonagh,* 232 Ariz. 247, 248-49 (App. 2013).

**¶13**       Here, the court based the amount of the $340,800 fine on the street value of the drugs seized, "as calculated by probation" in the presentence report. However, the State concedes that the calculations in the presentence report are flawed and asks us to either reduce the fine imposed to $185,700 or remand the case to the superior court to determine the correct fine amount.[1]

**¶14**       We accept the State's concession, vacate the fine, and remand to the superior court for the limited purpose of determining an appropriate fine based on the evidence offered at trial. Because we vacate the fine and remand, we do not consider Sanchez's argument regarding evidence supporting the fine amounts nor her Eighth Amendment challenge to the amount of the fine imposed.

---

[1]       Because of the calculation errors conceded by the State, the fine for Count 8 would have necessarily exceeded the statutory maximum and constitute fundamental error.

## CONCLUSION

¶15    For the foregoing reasons we affirm the convictions, vacate the fine and remand for proper determination.



AMY M. WOOD • Clerk of the Court
FILED:  AA