509 P.2d 220

The STATE of Arizona, Appellee,

v.

Reginald COCHRAN, Appellant.

No. 2285.

Supreme Court of Arizona,
In Banc.

April 25, 1973.

Gary K. Nelson, Atty. Gen. by John J. Dickinson, Former Sp. Asst. Atty. Gen., Phoenix, for appellee.

Charles S. Pizzo, and Fred G. Lemberg, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a judgment of guilty to the crime of offering to sell a narcotic drug, § 36–1002.02 A.R.S., and a sentence of not less than five nor more than seven years thereon.

Although defendant raises several questions on appeal, we feel it necessary to consider only one and that is whether a defendant's attorney with the defendant voluntarily absent from the trial may waive the jury and submit the matter to the court without a jury.

The facts necessary for a determination of the matter on appeal are as follows. Information was filed on 4 August 1967 charging the defendant, Reginald Cochran, and codefendant, Bob Anthony Beall, with the crime of offering to sell a narcotic drug, a felony. Trial was set for 19 October 1967, reset for 11 December 1967, and finally reset for 18 January 1968. Both defendant Cochran and his codefendant Beall were represented by the same counsel. At the start of the trial the following transpired:

"THE COURT: This is the case of the State of Arizona versus Bob Anthony Beall and Reginald Cochran, No. 52529.

Are the parties ready?

"MRS. BAILEY: The State is ready, your Honor.

"MR. CHOISSER: The defendants are ready. The record may show that the defendant Bob Anthony Beall is present in court and represented by counsel, and that Reginald Cochran is represented by counsel. He is unable to be here this morning but the record may show he is voluntarily absent and we are ready for trial.

"THE COURT: Very well. Does the County Attorney want to make any opening statement?

"MRS. BAILEY: No, your Honor. I will simply call my first witness, Officer Watson.

May the record also reflect, your Honor, that by stipulation of counsel, this is being tried to the court without a jury.

"THE COURT: The record may so show."

At the trial the codefendant Beall testified and while exculpating himself, implicated the defendant Cochran.

The court found the codefendant Beall not guilty and the defendant Cochran guilty.

Defendant was apprehended in 1971 and was resentenced on 19 January 1971.

At this resentencing defendant contended that he did not voluntarily absent himself from the trial from 18 January 1968 until January 1971 when he was apprehended. The trial court found that he did voluntarily absent himself and we agree.

■ A defendant who voluntarily absents himself from trial may be tried in absentia. State v. Tacon, 107 Ariz. 353, 488 P.2d 973 (1971), petition for cert. dismissed, Tacon v. Arizona, 351 U.S. 410, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973) (a case in which the defendant voluntarily absented himself from trial and a jury trial was held in his absence). Our Constitution states:

"* * * The right of jury trial as provided by this constitution shall remain inviolate, but trial by jury may be waived by the parties in any civil cause or by the parties with the consent of the court in any criminal cause. * * *" Arizona Constitution, Art. 6, § 17, A.R.S.

And we have stated that a waiver of a jury trial is valid only if expressly and intelligently made by the defendant. State v. Little, 104 Ariz. 479, 455 P.2d 453 (1969). And:

"The trial court has the duty to see that an accused person's election to waive a jury trial is knowingly and understandingly made. Such a duty cannot be perfunctorily discharged. We are not persuaded, however, that defendant Jelks did not understand what was happening. By permitting his attorney, in his presence and without objection on his part, to waive his right to a jury trial, defendant must be held to have knowingly acquiesced in that decision.

"In view of the importance of the right of a trial by jury as a fundamental right, it is doubtful that a written waiver signed only by the attorney or an oral waiver by counsel out of the defendant's presence would be sufficient waiver without something of record to show authorization or ratification by the defendant." State v. Jelks, 105 Ariz. 175, 178, 461 P.2d 473, 476 (1969).[1]

■ We do not believe that a waiver of a jury trial is a right that can be waived by counsel without the express permission or ratification by the defendant and therefore the waiver was ineffective.

Judgment reversed and the matter remanded for new trial.

HAYS, C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.

---

1. It is noted that the cited cases, Little and Jelks, were decided after the trial court had ruled in this matter.