564 P.2d 946

The STATE of Arizona, Appellee,

v.

James E. WREN, Appellant.

The STATE of Arizona, Appellee,

v.

James B. SWEET, Appellant.

Nos. 2 CA–CR 969, No. 2 CA–CR 973.

Court of Appeals of Arizona,
Division 2.

April 27, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Flynn, Kimerer, Thinnes & Derrick by Michael D. Kimerer and Thomas V. Rawles, Phoenix, for appellant Wren.

Michael J. Vingelli, Tucson, for appellant Sweet.

## OPINION

RICHMOND, Judge.

James E. Wren and James B. Sweet were found guilty after trial to the court without a jury of unlawful possession of marijuana for sale and unlawful transportation of marijuana. Wren was tried in absentia, and a bench warrant issued for his sentencing. He was not apprehended, however, and his sentencing was continued until such time as he is taken into custody. Sweet was placed on probation for five years.

■ Wren's appeal, in part, attacks the validity of his conviction because he personally did not waive trial by jury, although his counsel purported to do so at the time of trial with the concurrence of the court and the state. Under *State v. Cochran,* 109 Ariz. 327, 509 P.2d 220 (1973), the waiver was ineffective, and we have no choice but to remand the matter for a new trial as to Wren.

Wren and Sweet also have appealed on the basis that their arrest was the result of a warrantless search and invalid on constitutional grounds. The evidence disclosed that before observing the landing of a plane from which marijuana was unloaded, the arresting officers walked approximately one-half mile across land leased for grazing purposes by a co-defendant. The ensuing arrests were illegal, appellants contend, first because they had a reasonable, objective expectation of privacy and a search warrant therefore was required, and second, even without such expectation, because public policy precludes a legal arrest obtained by an intentional trespass over private land. We disagree on both counts.

Although appellants obviously had a subjective expectation of privacy, we do not believe it reasonable to expect that the landing and unloading of a private plane shortly after midnight on grazing land one-half mile from a highway would go unobserved. Appellants argue that the facts are "amazingly similar" to those in *United States ex rel. Gedko v. Heer,* 406 F.Supp. 609 (W.D.Wis.1975), on which the federal district court found nothing to indicate that defendant and his wife "should have had any reason to expect their conversations, even their shouted conversations, to be overheard by anyone" on defendant's 160-acre farm, which was invaded by the arresting officers without a warrant.

■ Here also appellants may have had no reason to expect their conversations to be overheard, but there the similarity ends. In *Gedko* the purpose of the intrusion onto the defendant's land was to observe his reactions to a low-flying government plane. Beyond the fact that each case involves a plane, marijuana, and rural land, the analogy is unsupported. That Gedko, without any activity on his part, had no reason to expect an invasion by either air or land does not provide a standard of reasonable expectation of privacy by appellants. Perhaps the most important difference is the role of the plane here, which, unlike the invading aircraft in *Gedko,* might itself be expected reasonably to attract outsiders when landing without lights in an area of desert mesquite less than a mile from the public highway. Whether or not the expectation of privacy is reasonable when activities are carried on in an open field must rest on the facts of each case. *State v. Caldwell,* 20 Ariz.App. 331, 512 P.2d 863 (1973).

■ Appellants' alternative argument is that the intentional trespass of the officers "was so deplorable under existing standards of human integrity and the principles of the United States and Arizona Constitutions which constantly reaffirm the supremacy of the individual that the actions require universal condemnation." Under the facts, this seems an overstatement. It was stipu-

lated that the land in question was leased "for grazing rights only" and the evidence disclosed that the only barrier between the highway and the plane was a barbed wire fence approximately 70 yards from where the plane landed. Having found that appellants had no reasonable expectation of privacy under the circumstances, we do not agree that the trespass was so deplorable as to invalidate the arrest on grounds of public policy.

Reversed and remanded as to appellant Wren; affirmed as to appellant Sweet.

HOWARD, C. J., and HATHAWAY, J., concur.