170 P.3d 727

**STATE of Arizona, Appellee,**

v.

**Evan Lamont BAKER, Appellant.**

**No. 1 CA–CR 06–0296.**

Court of Appeals of Arizona,
Division 1, Department E.

Nov. 27, 2007.

Terry Goddard, Arizona Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Jessica L. Quickle, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender, By Susan L. Corey, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

BROWN, Judge.

¶ 1 Evan Lamont Baker appeals his convictions for aggravated driving under the influence, asserting he did not knowingly, voluntarily, and intelligently waive his right to a jury trial before his case was submitted to the trial court for a determination of guilt or innocence based upon a stipulated record. For the following reasons, we vacate his convictions and sentences and remand for a new trial.

## BACKGROUND

¶ 2 In December 2003, Baker was arrested for driving under the influence of alcohol. He was charged with two counts of aggravat-

ed driving or actual physical control while under the influence of intoxicating liquor or drugs while his driver's license or privilege to drive was suspended, cancelled, revoked or refused, both class four felonies. At the initial pretrial conference in October 2005, a jury trial was set for January 2006, but was later continued at Baker's request. In February 2006, the trial court held an evidentiary hearing on Baker's motion to suppress. Following the court's denial of the motion, the State requested that Baker "at least let [the prosecutor] and [the judge's staff] know before the trial date if he's going to plead to the Court so we don't order a jury or go into case transfer."

¶ 3 At a hearing on March 2, 2006, the trial court confirmed with the prosecutor and defense counsel their desire to submit the matter on a stipulated record. After reviewing a police report, a chemical analysis of blood report, and a driving record, the court found Baker guilty on both counts.

¶ 4 Baker was sentenced to concurrent four-month terms of incarceration. He timely appealed and this court has jurisdiction pursuant to Article 6, Section 9 of the Arizona State Constitution and Arizona Revised Statutes Section 12–120.21 (2003).

## DISCUSSION

¶ 5 Baker argues that his convictions must be reversed because he never waived his right to a jury trial. Baker also maintains he was not properly informed of additional rights, pursuant to *State v. Avila*, prior to submission of his case to the court on a stipulated record. 127 Ariz. 21, 617 P.2d 1137 (1980).[1] The State contends that Baker's convictions should be affirmed because the record shows he made a knowing, voluntary, and intelligent waiver of his rights and, even if such a waiver is not evident, he has failed to show prejudice.

¶ 6 "The right to a jury trial is a fundamental right secured to all persons accused of a crime by the Sixth Amendment of

---

1. In *Avila*, our supreme court held that a trial court must provide six warnings to a defendant prior to ruling on a stipulated record, including the right to have a trial by jury. 127 Ariz. at 24–25, 617 P.2d at 1140–41. Because we conclude that Baker was not properly advised of his right to a trial by jury, we need not address his argument that the trial court failed to give him the other warnings required by *Avila*.

the United States Constitution and, in Arizona, by Article 2, [sections] 23 and 24 of the Arizona Constitution." *State v. Butrick,* 113 Ariz. 563, 565, 558 P.2d 908, 910 (1976). The right is "fundamental to the American scheme of justice." *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). "The guarantees of jury trial in the Federal and State Constitutions reflect a profound judgment about the way in which law should be enforced and justice administered." *Id.* at 155, 88 S.Ct. 1444.

■ ¶ 7 It has long been held that a jury trial waiver is valid only if the defendant is aware of the right and manifests an intentional relinquishment or abandonment of such right. *State v. Conroy,* 168 Ariz. 373, 376, 814 P.2d 330, 333 (1991); *State v. LaGrand,* 152 Ariz. 483, 487, 733 P.2d 1066, 1070 (1987). "The pivotal consideration in determining the validity of a jury trial waiver is the requirement that the defendant understand that the facts of the case will be determined by a judge and not a jury." *Conroy,* 168 Ariz. at 376, 814 P.2d at 333.

■ ¶ 8 We cannot presume a valid waiver of a jury right based on a silent record. *State v. Ward,* 211 Ariz. 158, 162, ¶ 13, 118 P.3d 1122, 1126 (App.2005) (citing *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Prior to accepting a waiver, the trial court is obligated to "*address the defendant personally,* advise the defendant of the right to a jury trial and ascertain that the waiver is knowing, voluntary, and intelligent." Ariz. R.Crim. P. 18.1(b)(1) (emphasis added).

■ ¶ 9 Baker decided, through the assistance of counsel, to submit his case to the trial court for a determination of guilt or innocence based on a stipulated record. From that action, we cannot simply infer that he made a knowing, voluntary, and intelligent waiver of his right to a jury trial. Rather, we must examine the record to determine whether Baker effectively waived his constitutional right. *See Avila,* 127 Ariz. at 25, 617 P.2d at 1141 ("[I]n any proceeding involving the surrender of Constitutional rights, it must appear from the record that the waiver was knowingly, intelligently, and voluntarily

made."). *See also Conroy,* 168 Ariz. at 376, 814 P.2d at 333 (finding proper waiver of jury trial because record showed trial court carefully explained jury trial right to defendant and that by waiving the right he was abandoning the privilege of having a jury decide his guilt or innocence).

¶ 10 The State points to various portions of the record, asserting that taken together they show a knowing, voluntary, and intelligent waiver. On the day set for trial, the trial court stated: "[T]his is [the] time set for the firm trial setting and the Court has been advised that the parties desire to have this matter submitted on the police report and other documents; is that correct?" Later in the same proceeding, the court asked: "And we had a discussion that was off-the-record just a moment ago which indicated that the parties would like to come back on Tuesday, March 14th for the Court to enter its ruling based upon the records; is that correct?" The State suggests that because defense counsel answered affirmatively to both questions, and because Baker himself was present during the hearing and did not "object or express any concerns," Baker knowingly, voluntarily, and intelligently waived his right to a jury trial. We disagree.

¶ 11 These brief conversations between the court and defense counsel do not establish that Baker made a knowing, voluntary, and intelligent waiver of his right to a jury trial. Nothing in the record suggests that the court personally addressed Baker, nor is there any evidence that Baker either orally waived or signed a written waiver of his right to a jury trial. *See* Ariz. R.Crim. P. 18.1 ("A waiver of jury trial under this rule shall be made in writing or in open court on the record."); *Butrick,* 113 Ariz. at 566, 558 P.2d at 911 ("Although the defendant's waiver may be either written or oral, pursuant to 18.1(b)(2), the *court must always address the defendant personally,* pursuant to 18.1(b)(1) to ascertain 'that the waiver is knowing, voluntary and intelligent.'" (Emphasis added.)).

■ ¶ 12 In addition, in cases involving a defendant's submission of the determination of guilt or innocence to the court on a stipulated record, the trial court record must affirmatively show that a defendant knows he

or she is giving up the right to a jury trial when it is waived. *Butrick,* 113 Ariz. at 566, 558 P.2d at 911 (citation omitted) (noting that a signed document indicating that a defendant's rights have been discussed with defense counsel is not sufficient to meet the requirement of an affirmative showing).

¶ 13 Moreover, acceptance of the State's suggestion would improperly shift the burden of ensuring an effective jury trial waiver to the accused. *See State v. Ritchey,* 107 Ariz. 552, 554, 490 P.2d 558, 560 (1971) (concluding that the "burden of coming forth and asserting one's own basic constitutional rights cannot be placed upon persons who may be reluctant to take such affirmative action before the court"). The State's position also fails to recognize the trial court's duty to *personally* advise a defendant of the right to a jury trial. *See State v. Cochran,* 109 Ariz. 327, 328, 509 P.2d 220, 221 (stating that waiver of "jury trial is valid only if expressly and intelligently made by the defendant"); *Ritchey,* 107 Ariz. at 554, 490 P.2d at 560 (rejecting the state's argument that the defendant consented to a trial without a jury simply by sitting through a bench trial without objecting to the absence of a jury); *State v. Wren,* 115 Ariz. 257, 258, 564 P.2d 946, 947 (App.1977) (finding defendant's waiver ineffective even though defense "counsel purported to do so at the time of trial with the concurrence of the court and the state").

¶ 14 The State also suggests that language from two minute entries shows a proper waiver. The first minute entry, relating to the hearing when the parties submitted the stipulated record to the court, states as follows: "The Defendant waives [t]rial by jury and agrees to submit the matter to the Court based on the items indicated on the record." The second minute entry, relating to the sentencing hearing, states that the defendant "knowingly, intelligently and voluntarily waived his right to a trial by jury and was found guilty after a trial by the Court."

¶ 15 The transcripts of these proceedings, however, contain no discussion of waiver of a jury trial right or any indication that Baker was informed of his right to have his guilt or innocence decided by a jury. Nor do the transcripts indicate that he was personally addressed by the court. A mere reference in a minute entry is insufficient to establish that Baker knowingly, intelligently, and voluntarily waived his right to a jury trial. Simply stating that a waiver occurred, with nothing more, is the functional equivalent of a silent record because it fails to provide the reviewing court with any basis on which to determine whether the defendant waived his constitutional right to a jury trial. *See United States v. Robertson,* 45 F.3d 1423, 1432 (10th Cir.1995) (finding waiver signed by attorney invalid for waiver of jury trial right because nothing in the record showed that defendant personally understood her right and reviewing court could not determine whether the waiver was knowing, voluntary, and intelligent); *Walker v. State,* 578 P.2d 1388, 1390 (Alaska 1978) (stating that without an inquiry an appellate court cannot determine from the record whether the waiver was accepted and failure to do so was error per se). Additionally, even if Baker had been appropriately addressed by the court at sentencing, the waiver would not have been timely. *See United States v. Saadya,* 750 F.2d 1419, 1422 (9th Cir.1985) (waiver of "right to jury trial must appear on the record prior to the time the trial commences"). *Cf. Butrick,* 113 Ariz. at 565–67, 558 P.2d at 910–12 (waiver of jury trial upheld even though trial testimony had already been presented because defendant had signed a waiver the first day of trial and court personally addressed the defendant prior to closing arguments to confirm defendant's waiver).

¶ 16 The State also suggests that because this was not Baker's first experience with the criminal justice system, we should infer an appropriate waiver by Baker. We are unaware of any case holding that an effective jury trial waiver can be accomplished by reliance upon a defendant's prior experience in the system. A similar argument was rejected in *State v. Porras,* where this court determined that a jury trial waiver from the defendant's first trial could not carry forward to the second trial. 133 Ariz. 417, 420, 652 P.2d 156, 159 (App.1982).

¶ 17 The State also relies on Baker's awareness that he would face a mandatory four-month prison term. Following the hear-

ing on the motion to suppress, the trial court noted:

> Counsel, and I will tell you that if I were to sentence somebody who would plead to the Court with that type of information, I would—especially since that was the plea offer that was extended, has expired, not being rejected—that is exactly what I would sentence a defendant to. The only question will be substance abuse needs and the length of probation, but I can assure you it will not be for the full 10 years.

Even construing this statement as adequately informing Baker of the sentencing range upon conviction, the sentencing information is wholly unrelated to Baker's right to have a trial by jury.

¶ 18 Finally, the State suggests that Baker's statement made at sentencing, "I want to get this over with," bolsters its position that Baker made an effective waiver. Even if the statement could be understood to refer to a desire to proceed without a jury, it merely reflected Baker's sentiments after he had been convicted, not before he submitted his case to the court on a stipulated record. Accordingly, the trial court record does not support the conclusion that Baker made a knowing, voluntary, and intelligent waiver of his right to a jury trial.

█ ¶ 19 The State argues that even if the trial court erred, such error is not fundamental because Baker has not met his burden of showing prejudice. *See State v. Henderson,* 210 Ariz. 561, 567–68, ¶ 20, 115 P.3d 601, 607–08 (2005). Baker counters that prejudice is inherent when a trial court fails to conduct a proper inquiry as to whether a jury trial right has been waived.

¶ 20 In a recent case, *State v. Le Noble,* this court addressed whether a defendant accused of committing the crime of resisting arrest was entitled to a jury trial. 216 Ariz. 180, 164 P.3d 686 (App.2007). Concluding the defendant had the right to be tried by a jury, we vacated his conviction and sentence because he had not waived his right. *Id.* at 185, ¶ 20, 164 P.3d at 691. We noted that "[t]he right to a jury trial 'affect[s] the framework within which the trial proceeds,' . . . and the failure to personally advise a defendant of that right results in a violation of the Arizona and United States Constitutions." *Id.* at 184–85, ¶ 19, 164 P.3d at 690–91. We held that "the complete failure of the trial court to notify and explain to a defendant the right to a jury trial and to obtain a knowing, intelligent and voluntary waiver of that right" constitutes *structural* error and that this type of error requires automatic reversal because it affects the " 'entire conduct of the trial from beginning to end.' " *Id.* at 184, ¶ 19, 164 P.3d at 690 (*quoting Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991)). Here, the record does not show that the trial court explained to Baker his right to a jury trial nor does it show an effective waiver of that right. Accordingly, the error is structural and Baker is entitled to a new trial.[2]

¶ 21 Our decision to grant a new trial in this case is consistent with the majority of reported decisions in Arizona in which the trial record failed to show a proper jury trial waiver. *See State v. Brown,* 212 Ariz. 225, 231, ¶¶ 26, 29, 129 P.3d 947, 953 (2006) (remanding for a sentencing hearing because

---

2. In support of its argument that the error in this case is not fundamental, the State cites *State v. Morales,* 215 Ariz. 59, 157 P.3d 479 (2007). In *Morales,* our supreme court held that Arizona Rule of Criminal Procedure 17.6 requires a trial court to engage in a plea-type colloquy "when defense counsel stipulates to the existence of a prior conviction charged for purposes of sentence enhancement." *Id.* at 60, ¶ 1, 157 P.3d at 480. The court determined that the trial court's failure to engage in such a colloquy was fundamental error, but did not automatically entitle the defendant to a resentencing. *Id.* at 61–62, ¶¶ 10–11, 157 P.3d at 481–82. The court found conclusive proof of the defendant's prior convictions in the record and concluded that remand-

ing for a new sentencing hearing would be pointless. *Id.* at 62, ¶ 13, 157 P.3d at 482. The State's reliance on *Morales* is misplaced. Nothing in the decision suggests that we should treat the failure to ensure a jury trial waiver under the same analysis as an admission of a prior conviction. Unlike a sentencing error, an improper waiver of a jury trial affects the *entire conduct* of the criminal proceedings. Moreover, even if we were to apply the fundamental error analysis of *Morales* here, Baker would still be entitled to a new trial. In contrast to the situation in *Morales,* it is impossible for us to predict whether a jury would have found Baker guilty beyond a reasonable doubt. *See State v. Smith,* 197 Ariz. 333, 340, ¶ 21, 4 P.3d 388, 395 (App.1999).

defendant did not appropriately waive his right to a jury trial on aggravating factors); *State v. Offing,* 113 Ariz. 287, 288, 551 P.2d 556, 557 (1976) (reversing and remanding for new trial because record did not affirmatively show that defendant knew he was giving up jury trial right); *Cochran,* 109 Ariz. at 328, 509 P.2d at 221 (reversing and remanding for new trial based upon ineffective waiver by defense counsel); *Smith,* 197 Ariz. at 339, ¶ 18, 4 P.3d at 394 (reversing and remanding for new trial because trial court did not personally address defendant or advise him he had the right to a twelve-person jury); *Porras,* 133 Ariz. at 420, 652 P.2d at 159 (reversing and remanding for new trial based upon lack of waiver at second trial); *Wren,* 115 Ariz. at 258, 564 P.2d at 947 (reversing and remanding for new trial based upon ineffective waiver attempted by counsel); *State v. Mankel,* 27 Ariz.App. 436, 437–38, 555 P.2d 1124, 1125–26 (1976) (reversing conviction because waiver of right to jury trial was not reflected on the record). *But see Ritchey,* 107 Ariz. at 554, 490 P.2d at 561 (remanded to the trial court for the purpose of determining whether the defendant had ratified the action of his attorney in waiving jury trial rights); *Le Noble,* 216 Ariz. at 185, ¶ 20, 164 P.3d at 691.[3]

¶ 22 Decisions from other jurisdictions also support our conclusion that Baker is entitled to a new trial. *See, e.g., Robertson,* 45 F.3d at 1433 (vacating conviction and remanding for jury trial because court made no inquiry and there was no evidence in the record that jury waiver was knowing, intelligent and voluntary); *Saadya,* 750 F.2d at 1422 (recognizing general rule that when record fails to show waiver of counsel, reviewing court reverses the conviction and orders a new trial);

*United States v. David,* 511 F.2d 355, 362–63 (D.C.Cir.1975) (remanding for new trial based upon insufficient basis for valid waiver in the record); *State v. Stallings,* 658 N.W.2d 106, 112 (Iowa 2003) (granting new trial as court's failure to comply with applicable jury trial rule to ensure proper waiver was a structural defect in which prejudice is presumed).

¶ 23 The State also urges us to hold that errors involving unconstitutional jury trial waivers are more appropriately reviewed in post-conviction proceedings rather than on direct appeal. We decline to accept the State's request. As noted, a jury trial waiver must appear in the record found on direct appeal. Thus, additional proceedings to determine whether there has been an effective waiver of the constitutional right to a jury trial are unnecessary.

## CONCLUSION

¶ 24 Based on the foregoing, we conclude the record fails to affirmatively show that Baker knowingly, voluntarily, and intelligently waived his right to a jury trial. Therefore, we vacate Baker's convictions and sentences and remand for a new trial.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and PATRICIA K. NORRIS, Judge.

---

**3.** In *Le Noble,* this court vacated the defendant's conviction and sentence, but remanded for the purpose of determining whether defendant made an effective waiver of his right to a jury trial. *Id.* at 185, ¶ 20, 164 P.3d at 691. In our view, and consistent with the approach taken by other courts, in Arizona and elsewhere, a new trial is required if an effective jury trial waiver is not apparent from the record.