260 P.3d 1110

STATE of Arizona, Appellee,

v.

Andrew David INNES, Appellant.

No. 1 CA–CR 09–0865.

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 2, 2011.

Thomas C. Horne, Attorney General By Kent E. Cattani, Chief Counsel, Aaron J. Moskowitz, Assistant Attorney General, Criminal Appeals/Capital Litigation Section, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Terry J. Adams, Deputy Public Defender, Phoenix, Attorney for Appellant.

## OPINION

JOHNSEN, Judge.

¶ 1 The superior court convicted Andrew David Innes of sexual abuse after a trial to the court. Because it is undisputed that the record does not show that Innes knowingly, voluntarily and intelligently waived his right to a jury trial, we reverse the conviction and remand for a new trial.

### FACTS AND PROCEDURAL HISTORY

¶ 2 A few weeks before Innes's trial was to begin on a single charge of sexual abuse, his

lawyer asked the superior court to set the matter for a bench trial. The State did not oppose the request. The court found Innes guilty, suspended his sentence and imposed a three-year term of probation.

¶ 3 Innes timely appealed, then moved to stay the appeal and remand to the superior court for it to determine whether he knowingly, voluntarily and intelligently waived his right to a jury trial. This court granted the stay and revested jurisdiction in the superior court "for the purpose of permitting the trial court and the parties to reconstruct, if any, [Innes's] waiver of his right to a jury trial in this matter."

¶ 4 On remand, after thoroughly reviewing the case history and transcripts and conferring with counsel on the record, the superior court found "there wasn't any formal discussion about the waiver prior to the actual start of the trial." Indeed, nothing in the record reflects any discussion of waiver prior to entry of judgment against Innes; the court file contains no written waiver by Innes.

## DISCUSSION

■■■ ¶ 5 The right to a jury trial is protected by the United States and Arizona Constitutions. U.S. Const. amend. VI; Ariz. Const. art. 2, §§ 23, 24; *State v. Butrick,* 113 Ariz. 563, 565, 558 P.2d 908, 910 (1976). A defendant's waiver of his or her right to a jury must be given knowingly, voluntarily and intelligently. *State v. Brown,* 212 Ariz. 225, 229, ¶ 15, 129 P.3d 947, 951 (2006); *Butrick,* 113 Ariz. at 565–66, 558 P.2d at 910–11. A waiver is valid only if the defendant is aware of the right and manifests an intentional relinquishment or abandonment. *State v. Conroy,* 168 Ariz. 373, 376, 814 P.2d 330, 333 (1991).

■■■ ¶ 6 Structural error results when the court tries a defendant who has not knowingly, intelligently and voluntarily waived the right to a jury trial. *State v. Baker,* 217 Ariz. 118, 122, ¶ 20, 170 P.3d 727, 731 (App.2007) (citing *State v. Le Noble,* 216 Ariz. 180, 184, ¶ 19, 164 P.3d 686, 690 (App.

2007)). Structural errors "deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence and no criminal punishment may be regarded as fundamentally fair." *State v. Ring,* 204 Ariz. 534, 552, ¶ 45, 65 P.3d 915, 933 (2003) (quoting *Neder v. United States,* 527 U.S. 1, 8–9, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (internal quotation marks omitted)). A structural error requires reversal because prejudice is presumed. *State v. Valverde,* 220 Ariz. 582, 585, ¶ 10, 208 P.3d 233, 236 (2009).

■■■ ¶ 7 Rule 18.1(b) of the Arizona Rules of Criminal Procedure promotes the constitutional right to a jury trial by requiring the superior court to engage in a colloquy with a defendant before accepting the defendant's waiver of a jury. In relevant part, the rule provides:

> The defendant may waive the right to trial by jury with consent of the prosecution and the court. . . .
>
> (1) *Voluntariness.* Before accepting a waiver the court shall address the defendant personally, advise the defendant of the right to a jury trial and ascertain that the waiver is knowing, voluntary, and intelligent.
>
> (2) *Form of Waiver.* A waiver of jury trial under this rule shall be made in writing or in open court on the record.

Ariz. R.Crim. P. 18.1(b)(1), (2). This court has held that a superior court commits structural error by conducting a bench trial of a defendant who is entitled to be tried by jury if the court does not engage the defendant in the colloquy that Rule 18.1 requires. *Baker,* 217 Ariz. at 122, ¶ 20, 170 P.3d at 731.

¶ 8 As noted, it is clear that no Rule 18.1 colloquy occurred and that Innes did not waive his right to a jury trial by any statement he made in court.[1] Nevertheless, the State asks us to direct the superior court to take evidence on whether Innes was aware of his jury-trial right at the time of trial and whether he voluntarily and intelligently

---

1. Nor does the State argue he otherwise waived his jury trial right by any act or omission in court. *Cf. Baker,* 217 Ariz. at 120–21, ¶¶ 10–15, 170 P.3d at 729–30 (on facts presented, rejecting waiver-by-conduct argument).

waived that right even though no such waiver appears in the record.

¶ 9 Having remanded once already so that the superior court could reconstruct the record, we decline the State's request to order additional fact-finding on whether Innes effectively waived his right to a jury trial. To the contrary, we hold that when the record does not evidence a knowing, voluntary and intelligent jury-trial waiver, the resulting structural error requires reversal of the conviction and a new trial. *See Baker,* 217 Ariz. at 122, ¶ 20, 170 P.3d at 731; *see also United States v. Duarte–Higareda,* 113 F.3d 1000, 1003 (9th Cir.1997) (district court's failure to ensure adequacy of jury waiver required reversal because waiver affects basic trial framework and reviewing court cannot determine whether the error was harmless).

¶ 10 The State cites *State v. Ritchey,* 107 Ariz. 552, 554, 490 P.2d 558, 560 (1971), and *Le Noble,* which it argues support its request for a limited remand to determine whether Innes knowingly, voluntarily and intelligently waived his right to a jury trial. We conclude, as we did in *Baker,* that neither case requires us to remand for a hearing on waiver. *See Baker,* 217 Ariz. at 123, ¶ 21, 170 P.3d at 732.

¶ 11 First, we note that although *Ritchey* ordered a limited remand, that case was decided two years before the supreme court amended the Arizona Rules of Criminal Procedure to add the current Rule 18.1(b). *See* Arizona Supreme Court Order Promulgating "The 1973 Rules of Criminal Procedure" (May 3, 1973) (effective Sept. 1, 1973); *compare Ritchey,* 107 Ariz. at 554, 490 P.2d at 560 ("We specifically *recommend* that the waiver of such fundamental constitutional rights as the right to jury trial be accomplished in the defendant's presence, and, if possible, with his express consent.") (emphasis added), *with Baker,* 217 Ariz. at 120, ¶ 8, 170 P.3d at 729 ("Prior to accepting a waiver, the trial court *is obligated* to 'address the defendant personally, advise the defendant of the right to a jury trial and ascertain that the waiver is knowing, voluntary, and intelligent.'" (quoting Ariz. R.Crim. P. 18.1(b)(1))). Rule 18.1(b) ensures that a defendant under-stands his or her right to a jury trial and affirmatively waives that right prior to consenting to be tried by the court. The very purpose of the colloquy that Rule 18.1 requires is to avoid the inquiry the State now seeks.

¶ 12 Second, since issuing its decision in *Ritchey,* the supreme court has not always remanded for a hearing when the record lacks evidence of a defendant's knowing waiver. *See State v. Offing,* 113 Ariz. 287, 289, 551 P.2d 556, 558 (1976) (ordering new trial after defendant had submitted case to be tried by the court based on preliminary hearing transcript because record did not show knowing, voluntary and intelligent waiver of right to jury trial and right to call witnesses); *State v. Cochran,* 109 Ariz. 327, 328, 509 P.2d 220, 221 (1973) (new trial ordered after counsel stipulated to waive jury trial in defendant's absence). In view of *Offing* and *Cochran,* we decline to follow *Le Noble* to the extent that it holds that the required remedy in such a case is to remand for further fact-finding by the superior court. *See* 216 Ariz. at 185, ¶ 20, 164 P.3d at 691.

¶ 13 Our conclusion is influenced by the considerable impracticalities posed by the remand the State seeks. The superior court already has reviewed the record and consulted counsel in vain for evidence that it engaged in a discussion with Innes at the time of trial regarding his right to a jury. As a consequence, the only remaining means to ascertain whether Innes fully understood and waived his rights likely would require an impermissible inquiry into privileged communications between him and his counsel. *See United States v. Cochran,* 770 F.2d 850, 852 (9th Cir.1985) ("retrospective inquiries to determine the validity of waivers are likely to be futile"); *cf. State v. Holsinger,* 124 Ariz. 18, 22, 601 P.2d 1054, 1058 (1979) (A client "should be able to speak freely without any fear and in full confidence that what is said by him or to him by his attorney will not be subsequently subject to disclosure....") (quoting *People v. Shapiro,* 308 N.Y. 453, 126 N.E.2d 559, 562 (1955)).

¶ 14 The State, however, argues that we should follow *State v. Morales,* 215 Ariz. 59, 157 P.3d 479 (2007), in ordering a limited

remand. At issue in *Morales* was the superior court's failure to engage in a colloquy pursuant to Arizona Rule of Criminal Procedure 17 before the defendant admitted a prior conviction for sentencing purposes. *Id.* at 61, ¶ 10, 157 P.3d at 481. The supreme court held the error was fundamental, meaning that reversal was required only if the defendant could prove he would not have admitted the prior conviction had the colloquy been given. *Id.* at 62, ¶ 11, 157 P.3d at 482. But prejudice is immaterial in this case because the failure to obtain a valid jury-trial waiver is structural error, in which prejudice is presumed. *See Valverde*, 220 Ariz. at 585, ¶ 10, 208 P.3d at 236; *Baker*, 217 Ariz. at 122, ¶ 20, 170 P.3d at 731 (citation omitted). Moreover, the remand envisioned in *Morales* would not pose the privilege issue that concerns us in this case because the issue here is not whether Innes *would have waived* his right to a jury trial; it is whether he knowingly, intelligently and voluntarily *did waive* that right. Because under our precedents the error in this case was structural, we hold Innes is entitled to a new trial.[2]

## CONCLUSION

¶ 15 For the foregoing reasons, we reverse the judgment of conviction and remand for a new trial.

CONCURRING: ANN A. SCOTT TIMMER and PATRICIA A. OROZCO, Judges.

---

**2.** The State asserts that under *State v. Bunting,* 226 Ariz. 572, 250 P.3d 1201 (App.2011), we erred in ordering a new trial in *Baker. Bunting* is inapposite, however, because the error in that case concerned the defendant's right to be advised of her constitutional rights before submitting her case on the record, pursuant to *State v. Avila,* 127 Ariz. 21, 617 P.2d 1137 (1980). *Bunting,* 226 Ariz. at 574, ¶ 1, 250 P.3d at 1203. It did not involve a waiver of the defendant's right to a jury trial. *Id.*