IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,       )      2 CA-CR 2011-0124
                                     )      DEPARTMENT A
             Appellee,   )
                                       )      O P I N I O N
        v.                   )
                                       )
AARON RAYMOND FIKES,       )
                                       )
             Appellant.   )
                                       )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20102760001

Honorable Deborah Bernini, Judge

VACATED AND REMANDED

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and David A. Sullivan                   Tucson
                                                   Attorneys for Appellee

Law Office of Lawrence Y. Gee, P.L.L.C.
  By Lawrence Y. Gee                                                 Tucson
                                                   Attorney for Appellant

H O W A R D, Chief Judge.

¶1          After a jury trial, appellant Aaron Fikes was convicted of aggravated driving under the influence and aggravated driving with a blood alcohol concentration of .08 or higher, both with a suspended license. The trial court sentenced him to concurrent terms of four months' imprisonment followed by three years' probation. On appeal,

Fikes argues the court erred in denying his motion to suppress evidence obtained during a warrantless stop of the vehicle he was driving, claiming the stop was not supported by reasonable suspicion. Because we find the police officer lacked a reasonable suspicion to stop Fikes, we reverse.

## Factual and Procedural Background

¶2        "When reviewing a trial court's denial of a motion to suppress, we consider only the evidence presented at the suppression hearing." *State v. Blakley*, 226 Ariz. 25, ¶ 5, 243 P.3d 628, 630 (App. 2010). The relevant facts are undisputed. A police officer observed that the brake light located at the top rear of Fikes's vehicle was not working and stopped him for violating A.R.S. § 28-939. The vehicle's two other brake lights were working. The officer observed no other traffic infractions, nor did the officer articulate any other reason for the stop. After stopping the vehicle, the officer discovered Fikes had been driving under the influence of alcohol. Fikes moved to suppress all of the evidence obtained from the traffic stop on the grounds the officer lacked reasonable suspicion to make the stop. The trial court denied the motion and evidence of the investigation was presented at trial. After Fikes was convicted and sentenced, he appealed.

## Discussion

¶3        Fikes argues that, because Arizona law requires that a vehicle be equipped with only a single brake light, when a vehicle is equipped with more than one light, A.R.S. § 28-939 requires that only one light be operational. He contends that, because he had two working brake lights, the officer lacked reasonable suspicion of criminal activity to stop him for the single light that was not working. When reviewing a trial court's

2

denial of a motion to suppress, we accept the court's factual findings absent an abuse of discretion, *State v. Valle*, 196 Ariz. 324, ¶ 6, 996 P.2d 125, 127 (App. 2000), but when an issue involves the interpretation of a statute, we review that issue de novo, *State v. Gonzalez*, 216 Ariz. 11, ¶ 2, 162 P.3d 650, 651 (App. 2007).

¶4 Police officers may "stop and detain" any person for an actual or suspected violation of Title 28. A.R.S. § 28-1594. However, "[a]n investigatory stop of a vehicle constitutes a seizure under the Fourth Amendment." *State v. Fornof*, 218 Ariz. 74, ¶ 5, 179 P.3d 954, 956 (App. 2008). Such a seizure is constitutionally permissible only if the officer has a reasonable suspicion of criminal activity. *State v. Teagle*, 217 Ariz. 17, ¶ 20, 170 P.3d 266, 271-72 (App. 2007).

¶5 "A person . . . shall not drive a vehicle on the highways unless it is equipped with a stop lamp that meets the requirements of § 28-939." A.R.S. § 28-927. Section 28-939 is titled "Signal Lamps and Devices," sets forth some technical requirements for stop and other lamps, and provides in relevant part: "If a vehicle is equipped with a stop lamp or other signal lamps, the lamp or lamps shall: 1. Be maintained at all times in good working condition. 2. Not project a glaring or dazzling light."

¶6 "The court's chief goal in interpreting a statute is 'to fulfill the intent of the legislature that wrote it.'" *Bilke v. State*, 206 Ariz. 462, ¶ 11, 80 P.3d 269, 271 (2003), *quoting State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). When the language is clear, the court may not consider other methods of statutory interpretation "unless application of the plain meaning would lead to impossible or absurd results." *Id.*

3

If a statute is ambiguous, we consider "the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). However, we may not construe part of a statute in a way that would render any other part of the statute "'void, superfluous, contradictory or insignificant.'" *State v. Larson*, 222 Ariz. 341, ¶ 14, 214 P.3d 429, 432 (App. 2009), *quoting Pinal Vista Props., L.L.C. v. Turnbull*, 208 Ariz. 188, ¶ 10, 91 P.3d 1031, 1033 (App. 2004).

¶7        The plain language of § 28-927 requires a vehicle to have only one stop lamp meeting the requirements of § 28-939. *See* § 28-927 (unlawful to drive on highways unless vehicle "equipped with a stop lamp"). Unlike "stop lamp," "signal lamps" is a term used generically in the statute and includes the term stop lamps. *See* § 28-939 (entitled "Signal lamps and devices"), (B) (turn signal described as "signal lamp or lamps indicating the intention to turn"). However, in § 28-939(B) the word "other" before "signal lamp" indicates that "other signal lamps" does not include the previous item—a stop lamp. *Cf. Speros v. Yu*, 207 Ariz. 153, ¶¶ 20-21, 83 P.3d 1094, 1099 (App. 2004) ("other tract of land," in city code's reference to "exterior boundary of a subdivision or other tract of land," distinguished subdivisions from other land tracts). As a result, the statute does not necessarily require that all installed stop lamps be kept in good working condition. We already have determined that § 28-927's requirement that a vehicle be equipped with "a stop lamp" means one stop lamp. Therefore, using the same meaning in the maintenance provision of § 28-939, only one stop lamp need "[b]e

4

maintained at all times in good working condition." *See* § 28-939(B)(1); *Obregon v. Indus. Comm'n*, 217 Ariz. 612, ¶ 21, 177 P.3d 873, 877 (App. 2008).

**¶8** On the other hand, we note the same sentence which requires "a stop lamp" to be maintained at all times also requires that "a stop lamp . . . not project a glaring or dazzling light."[1] § 28-939(B)(1), (2). Consistency with our interpretation above would imply that § 28-939(B)(2) requires only a single stop lamp to not cause glare to nearby drivers. *See Obregon*, 217 Ariz. 612, ¶ 21, 177 P.3d at 877. But the legislature would have intended that no lamp or light create glare, impairing other drivers. Thus, we conclude the statute is ambiguous.

**¶9** When a statute is ambiguous, we "'may consider both prior and subsequent statutes *in pari materia.*'" *Sweet*, 143 Ariz. 266, 270, 693 P.2d 921, 925 (1985), *quoting Automatic Registering Mach. Co. v. Pima Cnty.*, 36 Ariz. 367, 373-74, 285 P. 1034, 1036 (1930). Before 1997, § 28-939(B) stated, "When a vehicle is equipped with a stop lamp or other signal lamps, such lamp or lamps shall at all times be maintained in good working condition. No stop lamp or signal lamp shall project a glaring or dazzling light." 1950 Ariz. Sess. Laws 1st Spec. Sess., ch. 3, § 133; 1996 Ariz. Sess. Laws, ch. 76, §§ 3, 312. In this version, the legislature chose to distinguish between requiring a stop lamp be maintained and prohibiting all stop lamps from projecting a glaring light. *See Egan v. Fridlund-Horne*, 221 Ariz. 229, ¶ 37, 211 P.3d 1213, 1223 (App. 2009) (when legislature

---

[1]Fikes notes the requirement that a stop lamp "not project a glaring or dazzling light" is not at issue in this appeal. However, when interpreting statutory provisions we will consider them within the context of related provisions. *Cicoria v. Cole*, 222 Ariz. 428, ¶ 14, 215 P.3d 402, 405 (2009).

uses different words in statute, it intends different meanings). Applying the same analysis as we used above, "a stop lamp" requires only one stop lamp be maintained and because the prohibition against glare is separate, no ambiguity is injected.

¶10      In 1995, the Arizona Legislature repealed and replaced Title 28 with the language present in the statute today.[2] 1995 Ariz. Sess. Laws, ch. 132, §§ 1, 3. The descriptive phrase of the bill was "title 28 technical rewrite" and the Senate Research Analyst categorized it as "the technical portion of the Title 28 Technical Rewrite legislation." S. Transp. Comm. Minutes, 42d Leg., 1st Reg. Sess. (Ariz. Feb. 16, 1995).

¶11      Statements of non-legislators may be relied upon if there are "'sufficient guarantees that the statements reflect legislators' views.'" *Ballesteros v. Am. Standard Ins. Co. of Wisc.*, 226 Ariz. 345, ¶ 20, 248 P.3d 193, 197-98 (2011), *quoting Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 269-70, 872 P.2d 668, 673-74 (1994). Here, the comments were made by the legislative analyst, not simply a member of the public. And no other comments made at the hearing suggest the legislation would effect a substantive change on the law. S. Transp. Comm. Minutes, 42d Leg., 1st Reg. Sess. (Ariz. Feb. 16, 1995). Thus, we may rely on these minutes as an indication that the legislature intended the 1995 legislation to make technical, not substantive, changes to the statute. Therefore, § 28-939(B)(1), like its predecessor, requires only one stop lamp be maintained.

---

[2]Although passed in 1995, Senate Bill 1364 took effect "from and after December 31, 1996." 1995 Ariz. Sess. Laws, ch. 132, §§ 3, 12. One of the effects of S.B. 1364 was a renumbering of all of the Transportation Statutes. *Id.* (enacting current § 28-939 as A.R.S. § 28-3179). However, before S.B. 1364 took effect, the legislature passed S.B. 1076 which reverted to the old numbering but did not make any changes to the text of § 28-939. 1996 Ariz. Sess. Laws, ch. 76, § 18. Therefore, although S.B. 1364 is the most recent modification, we need not consider it in our analysis.

¶12 We recognize that our construction of § 28-939 requires that "a stop lamp" means "one stop lamp" for the purposes of maintenance and "any stop lamp" for the purposes of controlling glare. However, upholding legislative intent is our primary goal. *Bilke*, 206 Ariz. 462, ¶ 11, 80 P.3d at 271. Nor will we place great significance on the distinction between the two provisions merely because the legislature has used inartful language. *Cf. Washburn v. Pima Cnty.*, 206 Ariz. 571, ¶¶ 12-14, 81 P.3d 1030, 1035 (App. 2003) (difference between county and municipal zoning enabling acts did not evince different intentions by legislature). If our construction is in error, the legislature is free to correct our mistake.

¶13 The state nevertheless notes that § 28-939(B) refers to "a stop lamp or other signal lamps" as "the lamp or lamps." The state contends the phrase "the lamp or lamps" applies to both "a stop lamp" and "other signal lamps." Based on this construction, the state then argues the legislature contemplated the possibility of more than one stop lamp and intended that all be maintained. However, nowhere in the statute is stop lamp referred to in the plural. § 28-939. And, as we already have discussed, "other signal lamps" refers to lamps other than stop lamps and so does not include additional stop lamps.

¶14 The state also points to a requirement in article 16 that "other equipment" be maintained "in proper condition and adjustment as required in this article." A.R.S. § 28-921(A)(1)(b). But that provision is limited by the phrase "as required by this article." The only statute in article 16 that speaks to the maintenance of stop lamps is § 28-939. And, as discussed, § 28-939 requires that only one stop lamp be maintained.

7

Therefore, Fikes's top rear stop lamp, although not working, did not violate any of the requirements of article 16.

¶15        At oral argument, the state contended the legislature could have wanted to require all installed stop lamps to work because a non-functioning stop lamp could confuse other drivers. However, the legislative history does not indicate that the legislature was concerned with this possibility. And nothing in the record indicates any other driver was or could have been confused here. The state also claimed this decision could discourage police officers from stopping dangerous vehicles under a public-safety or community-welfare exception. *See*, *e.g.*, *State v. Mendoza-Ruiz*, 225 Ariz. 473, 240 P.3d 1235 (App. 2010); *State v. Organ*, 225 Ariz. 43, 234 P.3d 611 (App. 2010). But the officer here did not testify that he was motivated by public safety or community welfare. And § 28-921(A)(1)(a) prohibits any vehicle from being driven in an unsafe condition. Therefore, we need not decide the relevance of public-safety or community-welfare concerns in this case.

¶16        Because the officer lacked reasonable suspicion to stop Fikes, the evidence gathered from the stop was admitted improperly. Although Arizona recognizes a "good faith" exception to the exclusionary rule, the burden lies with the state to prove that the exception applies. *State v. Crowley*, 202 Ariz. 80, ¶¶ 32, 38, 41 P.3d 618, 629-30 (App. 2002). Here, the state did not argue a good faith exception could prevent this evidence from being suppressed, so we will not consider the applicability of that exception.

**Conclusion**

¶17  For the foregoing reasons, we find the trial court erred in denying Fikes's motion to suppress. We vacate Fikes's convictions and sentences and remand this case for further proceedings consistent with this decision.

/s/ *Joseph W. Howard*

JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*

J. WILLIAM BRAMMER, JR., Judge