BRAMMER, Judge.
¶ 1 Xavier Hipólito Estrella appeals from his convictions and sentences for transportation of marijuana for sale, possession of marijuana for sale, and possession of marijuana. He argues the trial court erred in denying his motion to suppress evidence obtained from a search following the warrantless placement of a tracking device on his employer’s van and the resulting stop of the van while Estrella was driving it. Although we vacate his convictions and sentences for possession of marijuana for sale and possession of marijuana, we affirm in all other respects.
Factual and Procedural Background
¶ 2 “In reviewing the grant of a motion to suppress, we view the evidence presented at the evidentiary hearing and any reasonable inferences from that evidence, in the light most favorable to upholding the trial court’s order.” State v. Garcia-Navarro, 224 Ariz. 38, ¶ 2, 226 P.3d 407, 408 (App.2010). In July 2009, Drug Enforcement Administration special agent Wiel, despite not having obtained a search warrant, placed a global positioning system (GPS) tracking device on a van owned by Estrella’s employer, Sierra Vista Glass company, because he had been given information the van might be used to transport illegal drugs from Sierra Vista to Tucson. Wiel attached the device while the van was parked in a public parking lot.
¶ 3 Agents remotely monitored data the device transmitted every hour regarding the van’s movements and location, although the van did not move during the few days immediately after the device had been placed on it. Agents used physical surveillance to confirm the van remained in the parking lot. Agents subsequently noticed that information transmitted from the device showed the van traveling north from Sierra Vista. They then established physical surveillance of the van in Tucson. Agents monitoring the van contacted Arizona Department of Public Safety Officer Galarneau and informed him the van might be transporting marijuana. Galarneau located the van, which Estrella was driving, and stopped it for speeding and having excessive window tint. Galarneau discovered Estrella had an outstanding warrant and arrested him; a subsequent search of the van revealed it contained bundles of marijuana.
¶ 4 Estrella was indicted on one count of transportation of marijuana for sale, over two pounds; one count of possession of marijuana for sale, over four pounds; and one count of possession of marijuana, over four pounds. He moved to suppress evidence derived from the search of the van, alleging the warrant- *403 less placement of the GPS device on the van and collection of data it transmitted violated his Fourth Amendment rights. After an evi-dentiary hearing, the trial court denied the motion to suppress. A jury convicted Estrel-la on each count, and the court sentenced him as a repetitive offender to concurrent, presumptive prison terms, the longest of which was 9.25 years. This appeal followed.
Discussion
¶ 5 Estrella argues the trial court erred in denying his motion to suppress evidence obtained following the warrantless placement of the GPS tracking device on his employer’s van and the agents’ use of data from that device to track the van’s movements. “In reviewing a trial court’s ruling on a motion to suppress, we defer to the trial court with respect to the factual determinations it made but review the court’s legal conclusions de novo.” State v. Olm, 223 Ariz. 429, ¶ 7, 224 P.3d 245, 248 (App.2010).

United States v. Jones

¶ 6 Estrella relies on the Supreme Court’s recent decision in United States v. Jones, — U.S. —, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012). That case addressed whether attaching a GPS tracking device to the defendant’s vehicle and then using the device to monitor the vehicle’s movements constituted a search under the Fourth Amendment, ultimately concluding it did. Id. at —, 132 S.Ct. at 949. The Fourth Amendment provides that “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated,” and the Court in Jones noted a motor vehicle is indisputably an “effect” under the Amendment. Id. The Court concluded the government had “physically occupied private property for the purpose of obtaining information” and that “such a physical intrusion” would have been a “search” when the Fourth Amendment was adopted. Id.
¶ 7 Because the Fourth Amendment’s text “reflects its close connection to property,” early Fourth Amendment jurisprudence was tied to common-law trespass until later eases deviated from an exclusively property-based approach, ultimately adopting the “reasonable expectation of privacy” test articulated in Justice Harlan’s concurrence in Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Jones, — U.S. at —, 132 S.Ct. at 949-50. But the Court in Jones stated “the Katz reasonable-expectation-of-privacy test has been added to, not substituted for, the common-law trespassory test.” Id. at —, 132 S.Ct. at 952. Consequently, the Court concluded either a trespass or an invasion of privacy, in combination with “an attempt to find something or to obtain information,” constitutes a search under the Fourth Amendment. Id. at — n. 5, 132 S.Ct. at 951 n. 5.
¶ 8 The Fourth Amendment common-law trespass approach in Jones requires a trespass on one’s own personal “effects.” Id. at —, 132 S.Ct. at 949, 953. In Jones, the defendant was the exclusive driver of a vehicle registered to his wife, and the government did not challenge the Court of Appeals’s conclusion that the vehicle’s registration did not affect whether the defendant could make a Fourth Amendment-based objection. Id. at — n. 2, 132 S.Ct. at 949 n. 2. Thus the Supreme Court, concluding that if Jones was not the owner “he had at least the property rights of a bailee,” nonetheless declined to consider further “the Fourth Amendment significance of Jones’s status.” Id. And the majority opinion emphasized Jones had “possessed the [vehicle] at the time the Government trespassorily inserted the information-gathering device”— distinguishing him from someone who takes possession of property upon which a device already has been installed. Id. at —, 132 S.Ct. at 952(distinguishing United States v. Karo, 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984)).
¶ 9 Estrella argues on appeal that the placement and use of the GPS device constituted a search under the common-law trespass theory set forth in Jones. But he failed to assert that theory below. Therefore, that claim is subject only to review for fundamental, prejudicial error. See State v. Henderson, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). Estrella has not argued any error constitutes fundamental error and thus *404 the argument is waived. See State v. Moreno-Medrano, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App.2008) (fundamental error argument waived on appeal if not argued).[1] Consequently, we do not address further whether the use of the GPS device was a search under a trespass theory.
Reasonable expectation of privacy
¶ 10 Although we conclude Estrella has forfeited any appellate challenge to the GPS device on a trespass theory, we address whether Estrella can challenge the placement and use of the device pursuant to Katz, 389 U.S. 347, 88 S.Ct. 507. See Jones, — U.S. at —, 132 S.Ct. at 952 (Katz’s reasonable-expectation-of-privacy test augments trespass test). Even in the absence of a trespass, “a Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable.” Kyllo v. United States, 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001); see also Katz, 389 U.S. at 361, 88 S.Ct. 507 (Harlan, J., concurring). However, a search does not occur unless an individual exhibits an expectation of privacy and “ ‘society [is] willing to recognize that expectation as reasonable.’” Kyllo, 533 U.S at 33, 121 S.Ct. 2038, quoting California v. Ciraolo, 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986) (alteration in Kyllo).
¶ 11 Estrella has failed to demonstrate that any expectation he may have had was one society would deem reasonable. See Hudson v. Palmer, 468 U.S. 517, 525 n. 7, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (Supreme Court consistently emphasizes objective requirement). He contends the driver of a borrowed vehicle has an objectively reasonable expectation of privacy “regarding its contents,” relying on State v. Acosta, 166 Ariz. 254, 255-56, 801 P.2d 489, 490-91 (App.1990) (driver had standing to challenge ear search revealing cocaine). However, the issue in this case is not whether Estrella had a reasonable expectation of privacy regarding the contents of the van — the alleged violation did not occur either during his detainment or the search of the van’s interior. Rather, Estrella challenges the placement of the GPS device on the van’s exterior and law enforcement’s subsequent monitoring of the data the device transmitted. This is a much different inquiry, especially because the remote electronic monitoring of a vehicle’s movement on a public road is considerably less intrusive than a physical search of the vehicle’s interior that may result in the seizure of some of its contents. Cf. United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983) (dog “sniff’ not search; less intrusive than opening luggage); United States v. Knotts, 460 U.S. 276, 285, 103 S.Ct. 1081, 75 L.Ed.2d 55 (1983) (tracking beeper not search in part because no information revealed not visible otherwise to naked eye).
¶ 12 Estrella provided no evidence he had permission to drive the van or otherwise had any interest in it when the device was attached to the vehicle in a public parking lot. Nonetheless, he emphasizes that he had a reasonable expectation of privacy as to his personal movements. However, generally “[a] person travelling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.” Knotts, 460 U.S. at 281, 103 S.Ct. 1081. This is trae particularly where the government’s monitoring is short-term, see Jones, — U.S. at —, 132 S.Ct. at 964 (Alito, J., concurring in judgment) (short-term monitoring of person’s movements in public “accords with expectations of privacy that our society has recognized as reasonable”), and where the driver has borrowed another’s vehicle without any knowledge of whether it is being tracked by a GPS device. From the reasonable borrower’s perspective, it is entirely possible the owner has *405 permitted the installation of such a device. Cf. id. at —, 132 S.Ct. at 952 (majority opinion) (person accepting container with beeper not entitled to object to its presence even though used to monitor location).
¶ 13 Our dissenting colleague states that the United States Supreme Court has not addressed squarely “whether the state’s use of a GPS monitor to remotely track a person constitutes a search in the absence of a trespass.” However, the test for whether a search has occurred is whether a person has a reasonable expectation of privacy in the “objects, activities, or statements” he intends to keep private, see Katz, 389 U.S. at 361, 88 S.Ct. 507 (Harlan, J., concurring), not whether a person reasonably expects a particular method will be used to discover the information. Focusing on the method of surveillance, the dissent distinguishes Knotts by noting that it concerned the use of a radio beeper incapable of remote tracking. Although the technology used in this case is factually distinguishable, the “activity” or interest at stake — a person’s expectation of privacy in his location while traveling on public roads — indeed was addressed squarely in Knotts, with the Court determining that a person has “no reasonable expectation of privacy in his movements” on public roads. 460 U.S. at 281, 103 S.Ct. 1081; see also Katz, 389 U.S. at 361, 88 S.Ct. 507 (Harlan, J., concurring) (“objects, activities, or statements ... expose[d] to the ‘plain view’ of outsiders” not protected). Whether or not technological advances will cause the United States Supreme Court to qualify or retreat from that conclusion in the future cannot control the outcome in this case.[2] See State v. Ring, 204 Ariz. 534, ¶ 61, 65 P.3d 915, 938 (2003) (lower court must leave Supreme Court to overrule its own decisions).
¶ 14 Estrella expresses a concern echoed by the dissent that even short-term GPS monitoring may violate a person’s expeetation of privacy. He refers to Justice Sotomayor’s concurrence in Jones, — U.S. at —, 132 S.Ct. at 955, which noted GPS monitoring may provide a “comprehensive record of a person’s public movements that reflects a wealth of detail about her familial, political, professional, religious, and sexual associations.” But here, the use of the GPS device was much more limited. Agents, upon reasonable suspicion the van was to be used to transport drugs, installed and used the device to monitor the van’s location and to initiate physical surveillance once it had arrived in Tucson. Estrella has provided no evidence disputing the trial court’s finding that the length of time the van was tracked was “not excessive or unreasonable.” Because we conclude the use of the GPS device here did not constitute a search as to Estrella, we need not determine whether the warrantless but minimally-intrusive use of GPS tracking for the period of time involved here is reasonable and permissible when based on reasonable suspicion. See State v. Superior Court, 149 Ariz. 269, 274, 718 P.2d 171, 176 (1986) (whether warrantless search supported by reasonable suspicion permissible depends on balance of governmental interest and extent of intrusion). And because it is not presented, we do not address the hypothetical situation Justice Sotomayor’s observation suggests, in which GPS tracking is used to aggregate large amounts of personal data for a much longer period of time, or on a purely arbitrary basis. The determination of whether that type of surveillance may intrude on a person’s reasonable expectations of privacy, and accordingly run afoul of constitutional standards, must wait until the issue is presented.
¶ 15 For these reasons, Estrella has not shown he had a reasonable expectation of privacy regarding either the van or its movements.[3] Therefore, the trial court did not err in denying his motion to suppress.
*406 Lesser-included offenses
¶ 16 The state acknowledges Estrella’s convictions and sentences for counts two and three of the indictment should be vacated because they are lesser-included offenses of his conviction for count one. We agree. Count one alleged Estrella knowingly had transported marijuana weighing more than two pounds for sale. Count two alleged Estrella knowingly had possessed marijuana for sale, having a weight of more than four pounds. Count three alleged Estrella knowingly had possessed marijuana. Estrella was convicted and sentenced on all counts.[4]
¶ 17 “A lesser-included offense is one that contains all but one of the elements of the greater offense.” Peak v. Acuna, 203 Ariz. 83, ¶ 5, 50 P.3d 833, 834 (2002). The state may charge both lesser-included and greater offenses, Merlina v. Jejna, 208 Ariz. 1, ¶ 19, 90 P.3d 202, 206 (App.2004), but a defendant may not be convicted for both, State v. Welch, 198 Ariz. 554, ¶ 13, 12 P.3d 229, 232 (App.2000). In this case, counts two and three were lesser-included offenses of count one. See State v. Cheramie, 218 Ariz. 447, ¶¶ 11-12, 22, 189 P.3d 374, 376, 378 (2008) (possession and possession for sale lesser-included offenses of transportation for sale). To cure the error, we vacate Estrella’s convictions and sentences for counts two and three. See Welch, 198 Ariz. 554, ¶ 13, 12 P.3d at 232.
Disposition
¶ 18 We vacate Estrella’s convictions and sentences on counts two and three of the indictment. We also direct the trial court to amend the sentencing minute entry to reflect that the remaining 9.25-year sentence was for his conviction on count one, transportation for sale. In all other respects, we affirm.
CONCURRING: JOSEPH W. HOWARD, Chief Judge.

. Enforcement of our waiver standards is especially appropriate in the context of a motion to suppress because in such cases we are limited to the record presented at the hearing on that motion. See State v. Newell, 212 Ariz. 389, ¶ 22, 132 P.3d 833, 840 (2006). In the absence of any trespass-based claim raised in the trial court, our record is wholly inadequate to determine whether Estrella enjoyed any cognizable property interest in the vehicle upon which the GPS monitor was placed. Although the record indicates Es-trella was an employee of the business that owned the vehicle, no evidence was presented that would allow us to conclude he had secured consent, either express or implied, to use the vehicle for the excursion in question.

. Our dissenting colleague makes some cogent and important observations about technology and privacy. But despite the dissent’s suggestion Knotts has been qualified by Jones, we observe instead that five Justices in Jones explicitly declined to decide whether the defendant had a reasonable expectation of privacy. Jones, — U.S. at —, 132 S.Ct. at 950 (declining to address because trespass analysis dispositive); Jones, — U.S. at —, 132 S.Ct. at 957 (Sotomayor, J., concurring) (same). Until the United States Supreme Court makes a definitive statement on the issue, we have no basis for departing from Knotts.

. This inquiry also disposes of the state's argument regarding "standing.” See State v. John *406 son, 132 Ariz. 5, 7, 643 P.2d 708, 710 (App.1981) (we reach substantive issue of privacy expectations rather than addressing Fourth Amendment "standing” as distinct concept).

. The trial court’s sentencing minute entry erroneously states Estrella was sentenced to terms of 9.25 years for two counts of knowingly possessing marijuana for sale. However, the sentencing transcript indicates clearly that one of those sentences was for count one — knowingly transporting marijuana for sale, having a weight of more than two pounds. A court’s oral pronouncement of sentence controls over the written minute entry in the event of a conflict. State v. Whitney, 159 Ariz. 476, 487, 768 P.2d 638, 649 (1989).