IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2012-0063 |
| | ) | DEPARTMENT B |
| Appellee, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| GUILLERMO C. BECERRA, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF GRAHAM COUNTY

Cause No. CR2008191

Honorable C. Robert Pursley, Judge Pro Tempore
Honorable R. Douglas Holt, Judge

VACATED AND REMANDED

---

Thomas C. Horne, Arizona Attorney General
 By Kent E. Cattani, Joseph T. Maziarz,
 and David A. Sullivan                                              Tucson
                                                    Attorneys for Appellee

Harriette P. Levitt                                                 Tucson
                                                    Attorney for Appellant

---

K E L L Y, Judge.

¶1 Guillermo Becerra appeals from his convictions and sentences for one felony count of aggravated driving with a prohibited drug in his body and one misdemeanor count of driving with a prohibited drug in his body. He argues the trial court erred by denying his motion to suppress, he was denied his constitutional right to a jury trial, and the combined convictions and sentences violate his double jeopardy rights. We conclude the court did not err in denying Becerra's motion to suppress, but vacate his convictions and sentences and remand for a new trial.

**Factual and Procedural Background**

¶2 We view the facts in the light most favorable to upholding Becerra's convictions and sentences. *See State v. Francis*, 224 Ariz. 369, ¶ 2, 231 P.3d 373, 374 (App. 2010). Around 9:00 one evening, Graham County Sheriff's Deputy Jacob Carpenter pulled over the vehicle Becerra was driving after he noticed the right taillight was not working. Based on observations that suggested Becerra was under the influence of a stimulant, Carpenter administered field sobriety tests and ultimately arrested him. Becerra was charged with driving while under the influence of an intoxicant (DUI), aggravated DUI, driving with a prohibited drug in his body, and aggravated driving with a prohibited drug in his body.

¶3 Becerra filed a motion to suppress evidence, arguing the stop of his vehicle was illegal. The trial court denied the motion after a hearing. Following a two-day bench trial, the court found Becerra guilty of driving with a prohibited drug in his body and aggravated driving with a prohibited drug in his body, and not guilty of the other DUI

2

charges. The court suspended imposition of sentence, placed Becerra on concurrent four-year and three-year terms of supervised probation, and imposed six-month and ten-day prison terms as a condition of probation. This appeal followed.

## Discussion

**Motion to Suppress**

¶4 Becerra first argues the trial court erred by denying his motion to suppress because the initial stop of his vehicle was illegal. We review the court's denial of a motion to suppress for an abuse of discretion. *State v. Gay*, 214 Ariz. 214, ¶ 30, 150 P.3d 787, 796 (App. 2007). We consider only the evidence presented at the suppression hearing, and view it in the light most favorable to upholding the court's ruling. *Id.*

¶5 "An investigatory stop of a vehicle constitutes a seizure under the Fourth Amendment," *State v. Fornof*, 218 Ariz. 74, ¶ 5, 179 P.3d 954, 956 (App. 2008), and is permissible only if the officer has reasonable suspicion of criminal activity, *State v. Teagle*, 217 Ariz. 17, ¶ 20, 170 P.3d 266, 271-72 (App. 2007). Becerra maintains Carpenter testified "the only reason" he had stopped Becerra's vehicle "was that the right taillight was inoperable." He argues a broken tail lamp does not provide reasonable suspicion of criminal activity to justify an investigatory stop because the relevant statute regulating vehicle safety, A.R.S. § 28-925, requires only that one tail lamp function properly.

¶6 Becerra contends *State v. Fikes*, 228 Ariz. 389, 267 P.3d 1181 (App. 2011) is dispositive of this issue. In *Fikes*, an officer observed that one of three brake lights on

3

the defendant's vehicle was not working and stopped him for violating A.R.S. § 28-939. 228 Ariz. 389, ¶ 2, 267 P.3d at 1182. Section 28-939(B)(1) provides that stop lamps shall be "maintained at all times in good working condition." The court concluded § 28-939 required only one stop lamp be maintained, based on the statute's language and context. *Id.* ¶¶ 7, 11. For that reason, the officer had lacked reasonable suspicion to stop the defendant's vehicle based on a violation of the statute. *Id.* ¶ 16.

¶7 The relevant statute in this case, § 28-925, is similar to that discussed in *Fikes*; it requires vehicles to be equipped with "at least one tail lamp." § 28-925(A). Therefore, *Fikes* would suggest that stopping a driver solely to investigate a suspected violation of § 28-925 would be improper if at least one other tail lamp was working. However, the state argues this case is not controlled by the narrow holding of *Fikes* because Carpenter provided additional reasons for stopping Becerra's vehicle based on public safety concerns. We agree.

¶8 As the trial court noted, A.R.S. § 28-982 provides an officer may stop a vehicle "any time there is reasonable cause to believe that a vehicle is unsafe" in order to issue a written notice to the driver. And A.R.S. § 28-921 provides a person shall not drive a vehicle "in an unsafe condition that endangers a person." Moreover, police officers frequently engage in "community caretaking functions" involving vehicle stops that are "totally divorced from" criminal investigations. *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973). Evidence discovered without a warrant is admissible under the "community caretaker" doctrine if the intrusion is reasonable. *State v. Mendoza-Ruiz*,

4

225 Ariz. 473, ¶ 8, 240 P.3d 1235, 1237 (App. 2010); *State v. Organ*, 225 Ariz. 43, ¶¶ 14-18, 234 P.3d 611, 615 (App. 2010) (stop of vehicle proper as community caretaking function when reasonable to believe vehicle having trouble); *see also State v. Harrison*, 111 Ariz. 508, 509, 533 P.2d 1143, 1144 (1975) (proper exercise of police power to stop vehicle for public safety reasons because tire "bouncing").

¶9 In *Fikes*, the officer "did not testify that he was motivated by public safety or community welfare." 228 Ariz. 389, ¶ 15, 267 P.3d at 1184. And "nothing in the record indicate[d] any other driver was or could have been confused." *Id.* ¶ 15. For those reasons, we explicitly declined to address in *Fikes* whether the stop may have been permissible "under a public-safety or community-welfare exception." *Id.*

¶10 In this case, however, Carpenter testified that one reason he decided to stop the vehicle was that "it caused a danger to other vehicles on the road." He was concerned another vehicle approaching from the rear would not be able to perceive accurately the vehicle's position and could "collide with it." In its ruling on the motion, the trial court found Carpenter's stop of the vehicle justified because it "was being operated in an unsafe condition." The reasonableness of an officer's response is a question of fact left to a trial court's discretion, *Organ*, 225 Ariz. 43, ¶ 16, 234 P.3d at 615, and Carpenter's testimony supports the court's conclusion that the stop was justified by considerations of

public safety and did not violate the Fourth Amendment.[1] *Mendoza-Ruiz*, 225 Ariz. 473, ¶ 8, 240 P.3d at 1237.

¶11        The record supports the trial court's conclusion that the stop of Becerra's vehicle was reasonable and Becerra does not dispute the constitutionality of any further investigation that occurred after the vehicle had been stopped. Therefore, the court did not abuse its discretion by denying Becerra's motion to suppress evidence. *Gay*, 214 Ariz. 214, ¶ 30, 150 P.3d at 796.

**Waiver of Jury Trial**

¶12        Becerra argues his state constitutional right to a jury trial was violated as a result of an invalid waiver. *See* Ariz. Const. art. 2, §§ 23, 24. A defendant's waiver of his or her right to a jury trial must be knowing, voluntary, and intelligent. *State v. Innes*, 227 Ariz. 545, ¶ 5, 260 P.3d 1110, 1111 (App. 2011). To be valid, the defendant must "manifest[] an intentional relinquishment or abandonment" of the right, *id.*, and must "understand that the facts of the case will be determined by a judge and not a jury," *State v. Conroy*, 168 Ariz. 373, 376, 814 P.2d 330, 333 (1991). The failure to obtain a defendant's waiver of his or her right to a jury trial constitutes structural error. *Innes*, 227 Ariz. 545, ¶ 9, 260 P.3d at 1112.

---

[1]Becerra argues the lights on his vehicle necessarily "compli[ed] with the standard of care for public safety" because they complied with the requirements of § 28-925(A). However, he has not supported his suggestion that law enforcement's public safety function is limited to identifying statutory violations, and relevant case law suggests otherwise. *See Mendoza-Ruiz*, 225 Ariz. 473, ¶ 9, 240 P.3d at 1237 (community caretaking function includes "infinite variety of services" including "prevent[ing] potential hazards from materializing").

6

¶13        Rule 18.1(b), Ariz. R. Crim. P., protects a defendant's right to a jury trial by providing:

> The defendant may waive the right to trial by jury with consent of the prosecution and the court. . . .
>
> > (1) *Voluntariness*. Before accepting a waiver the court shall address the defendant personally, advise the defendant of the right to a jury trial and ascertain that the waiver is knowing, voluntary, and intelligent.
> >
> > (2) *Form of Waiver*. A waiver of jury trial under this rule shall be made in writing or in open court on the record.

*See also* A.R.S. § 13-3983.

¶14        Becerra argues his convictions must be reversed because nothing in the record demonstrates he knowingly, intelligently, and voluntarily waived his right to a jury trial. During a pretrial status conference, the trial court asked whether Becerra desired to waive his right to a jury trial. Counsel replied that he "ha[d]n't talked about it with [Becerra], but . . . could do so right now and see if he's willing to waive a jury." After an off-the-record discussion, counsel stated: "my client indicates he'd be willing to waive a jury." The court then vacated the jury trial and set the matter for a bench trial.

¶15        The record does not show a valid waiver and "[w]e cannot presume a valid waiver of a jury right based on a silent record" where the trial court has failed to address the defendant personally. *State v. Baker*, 217 Ariz. 118, ¶ 8, 170 P.3d 727, 729 (App. 2007). The state concedes Becerra's waiver did not meet the requirements of Rule 18.1(b), but urges us to remand "for the limited purpose of determining whether he was

sufficiently aware of his jury trial rights." It contends a "proper colloquy between Appellant and the trial court will allow the trial court—and, upon appeal, this Court—to determine whether [Becerra]'s waiver was made knowingly, voluntarily, and intelligently."

¶16 We conclude instead the proper remedy for the error is to order a new trial. *See Innes*, 227 Ariz. 545, ¶ 9, 260 P.3d at 1112 (failure to obtain valid waiver of right to jury trial structural error requiring reversal and new trial); *see also State v. Offing*, 113 Ariz. 287, 289, 551 P.2d 556, 558 (1976) (remanding for new trial); *but see State v. Le Noble*, 216 Ariz. 180, ¶ 20, 164 P.3d 686, 691 (App. 2007) (remanding for finding regarding validity of waiver). To order a new trial "is consistent with the majority of reported decisions in Arizona in which the trial record failed to show a proper jury trial waiver." *Baker*, 217 Ariz. 118, ¶ 21, 170 P.3d at 731-32 (listing cases).

¶17 Additionally, as discussed in *Innes*, practical difficulties would arise if we were to remand for the limited purpose of determining whether Becerra had waived his right to a jury trial. 227 Ariz. 545, ¶ 13, 260 P.3d at 1112. The record shows Becerra's counsel had consulted with him only immediately before informing the trial court Becerra would waive his right to a jury. To ascertain whether Becerra had understood fully his rights based on that discussion "likely would require an impermissible inquiry into privileged communications between him and his counsel." *Id.*

¶18 Becerra also contends the state may not retry him because jeopardy has attached. However, he fails to develop or provide any authority in support of this

8

argument. Therefore, it is waived on appeal. *See State v. King*, 226 Ariz. 253, ¶ 11, 245 P.3d 938, 942 (App. 2011) (opening brief must present significant argument supported by authority); Ariz. R. Crim. P. 31.13(c)(1)(vi) (same). Moreover, we note that federal and state prohibitions on placing a defendant in double jeopardy generally do not bar retrial after a successful appeal unless the conviction is reversed on grounds of insufficient evidence. *State v. Porras*, 133 Ariz. 417, 419, 652 P.2d 156, 158 (App. 1982); *see also State v. Moody*, 208 Ariz. 424, ¶ 26, 94 P.3d 1119, 1134 (2004) (original conviction nullified when case reversed for reason other than insufficient evidence).

**Lesser-Included Offense**

**¶19**      Becerra also argues driving with a prohibited drug in the body is a lesser-included offense of aggravated driving with a prohibited drug in the body and, therefore, his combined convictions violate A.R.S. § 13-116 and constitutional prohibitions against double jeopardy. Although we have determined Becerra's convictions and sentences must be vacated, we address this issue because it might recur on remand. *See State v. May*, 210 Ariz. 452, ¶ 1, 112 P.3d 39, 40 (App. 2005).

**¶20**      A defendant's right not to be subjected to double jeopardy is violated if he is convicted of both a greater and lesser-included offense. *State v. Welch*, 198 Ariz. 554, ¶¶ 6, 13, 12 P.3d 229, 230-31, 232 (App. 2000). An offense is lesser-included if it contains all but one of the elements of the greater offense. *State v. Estrella*, 230 Ariz. 401, ¶ 17, 286 P.3d 150, 155 (App. 2012). A person commits driving with a prohibited drug in the body by operating a vehicle while any drug defined in A.R.S. § 13-3401 or its

metabolite is in his or her system. A.R.S. § 28-1381(A)(3). And a person commits aggravated driving with a prohibited drug in the body by committing the simple misdemeanor offense while his or her license is suspended. A.R.S. § 28-1383(A)(1). Should this issue recur on remand, Becerra would be entitled to a curative instruction as described in *Merlina v. Jejna*, 208 Ariz. 1, ¶ 18, 90 P.3d 202, 206 (App. 2004), and may not be convicted and sentenced on both counts. *See Welch*, 198 Ariz. 554, ¶ 13, 12 P.3d at 232.

**Disposition**

¶21 For the foregoing reasons, the trial court's ruling on Becerra's motion to suppress is upheld. We vacate his convictions and sentences and remand for a new trial.

/s/ *Virginia C. Kelly*
_____
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
_____
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge